[Civ. No. 38309. Second Dist., Div. Four. June 22, 1971.]

RICHARD KENT McCLELLAN, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Harry E. Woolpert, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Robert N. Tait, District Attorney, and Orlan Donley, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**KINGSLEY, J.**—Petitioner is charged in respondent court by an information containing five counts: count I, possession of marijuana for sale, in

violation of section 11530.5 of the Health and Safety Code; count II, transportation and offer to sell marijuana, in violation of section 11531 of that code; count III, possession for sale of a restricted drug, in violation of section 11911 of said code; count IV, illegal possession of narcotic paraphernalia, in violation of section 11555 of said code; and, count V, possession of paraphernalia for injection of a restricted drug, in violation of section 11915 of said code.

He moved, pursuant to section 995 of the Penal Code, to dismiss the information. That motion was denied and his petition for a writ of prohibition, pursuant to section 999a of the Penal Code was denied by this court without opinion. (McClellan v. Superior Court, 2d Civ. No. 38175.) Petitioner then moved, pursuant to section 1538.5 of the Penal Code, to suppress certain evidence obtained at the time of his arrest. That motion was also denied and the present petition followed. We issued an order to show cause why relief should not be granted. The matter has been briefed and argued. We grant a peremptory writ directing the suppression of the evidence involved in the motion made in the trial court; we deny the other relief sought.

The motion to suppress was submitted on the transcript of the testimony at the preliminary examination, together with extensive testimony which amplified and clarified the earlier record. We state the facts as gleaned from all the evidence thus before the trial court on the 1538.5 motion.

At approximately 12:30 a.m., a blue and white Oldsmobile, containing two men and one woman, entered a gasoline service station on the northern edge of the City of Paso Robles. One of the passengers offered to sell "a lid" to the station attendant. The offer was refused and the car drove out of the station, heading southerly on Highway 101. The attendant phoned the local police, reporting the incident, giving a description of the car and a license number (PGR 926). That information was transmitted by radio to local sheriff units and was heard by the local office of the Highway Patrol. Officers in a Highway Patrol car saw a vehicle, matching the physical description of the car so reported, but with a minor difference in the license number. They stopped the car and ordered the occupants (defendant, another man, and a girl) to alight and they were subjected to a pat-down search, which revealed neither weapons nor contraband. Identification was then demanded, resulting in the discovery that the girl was a minor living in Los Angeles. She was taken into custody as a person possibly subject to section 601 of the Welfare and Institutions Code and the men were arrested on a charge of contributing to the delinquency of a minor (Pen. Code, § 272). A search of the car and its trunk, followed, disclosing the presence of a large quantity of narcotics and narcotic paraphernalia.

■ The People seek to justify the arrest and search as having their foundation in a "citizen informer." But the record does not sustain that contention. It is true that this court, now, knows that the original informer was, in fact, the attendant at a local gasoline station and that he was and is a person of good repute. But none of the officers knew, *at the time of arrest*, anything to give credibility to the phone call. The officer receiving it did not know the attendant, had never seen him, and did not recognize his voice. The officers who received, either directly or second or third hand, the crime report, knew even less. No one attempted by calling back or by visiting the station, to verify even so much as that the voice on the phone actually belonged to the attendant; no one knew whether or not he was a credible person.

Under these circumstances, at the most, the officers could claim a right to stop the reported car and interrogate its occupants. But they did not restrict themselves to a mere investigation. After ordering the occupants, at gun point, to alight and making a pat down search, they then demanded identification and, on the mere fact that one occupant was a young girl, made an arrest for alleged crimes not connected with the report they had received.[1] It was not until that arrest had been made, that the search took place.

We regard the conduct as clearly illegal. The tip from a totaly untested and unidentified informant gave, at best, merely a right to stop for interrogation. Conceding that the pat down was justified as a protective measure, when it produced nothing that corroborated the tip, the officers might have had a right to ask questions; but they asked no questions that related to the only investigation they had any basis at all for pursuing. To sustain the arrests and search here would subject every citizen to unwarranted intrusion into his affairs.

Petitioner is entitled to a writ directing the grant of his motion to suppress. However, he is not entitled to a writ terminating the criminal case. Whether or not there will remain other evidence sufficient to justify proceeding with any or all of the counts charged is a matter for the trial court

---

[1] The girl's identification showed that she was under 15 and that she lived in Los Angeles or its environs. The men were "over 18." No one asked whether they were related to her, why they were traveling (toward her home) at that time, or anything else that might have supported the theory that she was a run-away or otherwise within the description of section 601 (or even of § 600). The officers merely assumed, in the light of an unsupported, uncorroborated tip that one of her companions had offered to sell marijuana, that the girl was knowledgeably involved in that unproven violation. The arrests made were justified by nothing that the officers knew or could reasonably even have suspected.

in the first instance; that matter has never been passed on by it.[2] It is for that court, under the circumstances here present, to dismiss or to proceed with the trial.

The order to show cause is discharged. Let a peremptory writ of mandate issue, directing respondent court to vacate its order denying the motion of petitioner Richard Kent McClellan to suppress certain physical evidence and to grant said motion; otherwise the petition is denied.

Files, P. J., and Jefferson, J., concurred.

---

[2]The denial of the 995 motion, of course, was on a record that included the evidence we now order suppressed, and on a record which did not disclose all of the facts that the 1538.5 hearing developed.