[No. H025816. Sixth Dist. Dec. 14, 2004.]

In re MARIO C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARIO C., Defendant and Appellant.

**COUNSEL**

Judy F. Conard, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent The People.

**OPINION**

**RUSHING, P. J.—** ■ Mario C. brings this appeal from an order of the juvenile court deferring entry of judgment under Welfare and Institutions Code section 790 et seq. He contends that the court erred by denying his motion to suppress evidence of a knife discovered on his person by a school administrator. We have concluded that there is no appealable order on which to base the appeal, and insufficient basis on which to predicate review by extraordinary writ. Accordingly, we will dismiss the appeal.

### BACKGROUND

The district attorney filed a petition alleging that the minor, then 14 years of age, was a person described in section 602 of the Welfare and Institutions Code in that he possessed a knife with a locking blade on school property in violation of Penal Code sections 626.10 (count I), 12020, subdivision (a) (count II), and 653k (count III).

The minor's counsel filed a motion to suppress evidence of the offending knife. A police report indicated that the knife was discovered when a vice-principal at the minor's school, while investigating a report of marijuana smoke emanating from a boy's restroom, detained the minor along with two others, and instructed him to empty his pockets. The trial court denied the motion to suppress. The minor thereupon admitted the allegations of the first two counts of the petition, and the third count was dismissed. The court then entered an order granting "DEJ," which manifestly refers to deferred entry of

judgment pursuant to Welfare and Institutions Code section 790 et seq. The court imposed a number of probation conditions, to remain in effect until March 2005.

## DISCUSSION

At our request, the parties have briefed the question whether an appeal will lie from an order granting deferred entry of judgment under Welfare and Institutions Code sections 790 et seq. We raised this question on our own motion because a reviewing court is "without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion. [Citations.]" (*Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 369, [63 Cal.Rptr. 123].)

The fundamental rule governing the appealability of orders is that " 'a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227] (*Mazurette*), quoting *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976]; see *City of Los Angeles v. Schweitzer* (1962) 200 Cal.App.2d 448, 452 [19 Cal.Rptr. 429] ["appellate procedure is entirely statutory and subject to complete legislative control"]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43] ["A trial court's order is appealable when it is made so by statute"].) The question is therefore whether any statute "expressly provides" for an appeal from an order granting deferred entry of judgment. If the answer is negative, the appeal must be dismissed.

Appeals by the minor subject of a juvenile wardship proceeding are governed by Welfare and Institutions Code section 800, subdivision (a), which authorizes appeal from "[a] judgment in a proceeding under Section 601 or 602 . . . , and any subsequent order . . . ." The question, therefore, is whether an order granting deferred entry of judgment is, for purposes of this statute, a "judgment" or order after judgment.

In general, a "judgment" is "the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) More specifically, the "judgment" in a juvenile court proceeding is the order made after the trial court has found facts establishing juvenile court jurisdiction and has conducted a hearing into the proper disposition to be made. (Welf. & Inst. Code, §§ 725 ["After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows . . . ."], 706 [contemplating that, after jurisdictional finding, court shall consider relevant evidence and render "judgment and order of disposition"]; *In re Sheila B.* (1993) 19 Cal.App.4th 187, 196 [23 Cal.Rptr.2d 482] [dispositional order is

"the 'judgment' " under statute governing appeals in dependency proceedings]; *In re Melvin S.* (1976) 59 Cal.App.3d 898, 900 [130 Cal.Rptr. 844].)

The order before us is not a judgment in either the general or the specific sense. As its very name indicates, the order does not enter judgment but "defer[s]" such entry indefinitely, perhaps permanently. The statutes creating this procedure are not a model of clarity, but their central purpose and effect is plain enough. They empower the court, under specified conditions, and upon the minor's admission of the allegations of the petition, to place the minor on probation without adjudging him or her to be a ward of the court. (Welf. & Inst. Code, §§ 790, subd. (b), 791, subd. (b), 794; cf. *id.*, §§ 602, subd. (a), 725.) If the minor fails to perform satisfactorily, the court may "lift the deferred entry of judgment," impose the "judgment previously deferred, " and make an appropriate dispositional order. (Welf. & Inst. Code, § 793, subds. (a) & (b).)[1] If judgment is *not* so imposed—i.e., if the minor performs satisfactorily—the admission of the charges "shall not constitute a finding that a petition has been sustained for any purpose." (Welf. & Inst. Code, § 791, subd. (c).) Instead, the charges "shall be dismissed," "the arrest upon which the judgment was deferred shall be deemed never to have occurred," and "any records in the possession of the juvenile court shall be sealed, except that the prosecuting attorney and the probation department of any county shall have access to these records after they are sealed for the limited purpose of determining whether a minor is eligible for deferred entry of judgment pursuant to Section 790." (Welf. & Inst. Code, § 793, subd. (c).)

These provisions confirm that far from constituting an adjudication of the issues raised by the petition, the order of deferral *abates* the adjudicatory process in the hope that the minor will comply with the probationary conditions and thereby avoid a judgment altogether. If that occurs, the record of the proceeding will be sealed for all purposes, with one narrow exception (discussed below). If the minor fails to satisfactorily comply, the court will enter judgment and make a dispositional order. In the latter instance, of course, a "judgment" will exist from which an appeal will lie. At the present juncture, however, there simply is no judgment from which to appeal.

The minor contends that because his appeal challenges a ruling on a *suppression motion*, a right to appeal is granted by the proviso in Welfare and Institutions Code section 800, subdivision (a), that "[a] ruling on a motion to

---

[1] In a perplexing departure from the principles cited in the previous paragraph, the juvenile deferral statutes use the term "judgment" to refer to an event preceding the disposition hearing. (Welf. & Inst. Code, § 793, subds. (a) & (b).) We view this as one instance of a certain infelicity that seems to pervade these statutes. (See *post*, fn. 3.) This usage cannot assist appellant, however, since it is clear in any event that the drafters viewed "judgment" as something that only occurs after the minor is found to have failed on probation.

suppress . . . shall be reviewed on appeal even if the judgment is predicated upon an admission of the allegations of the petition." This language, however, does not purport to enlarge the class of appealable judgments; rather it presupposes a challenge to the order "on appeal" from a "judgment." Its literal and apparent effect is only to preserve the minor's objection to an order denying a suppression motion where appellate jurisdiction is otherwise properly laid.

Given the absence of statutory authorization for appeal from an order deferring judgment, we lack jurisdiction to entertain the present appeal. This conclusion finds support in *Mazurette, supra,* 24 Cal.4th 789, which addressed a similar issue under the parallel provisions of the Penal Code. The defendant there sought to challenge the denial of a suppression motion by appealing from an order diverting her to a drug rehabilitation program and deferring entry of judgment. (See Pen. Code, §§ 1000.1, 1000.2.) The Supreme Court held that the appeal was properly dismissed for lack of appellate jurisdiction because the statute governing criminal appeals contains no provision for an appeal from such an order. (*Mazurette, supra,* 24 Cal.4th at p. 792, citing and quoting Pen. Code, § 1237.) The court wrote, "[T]here is—as yet—no judgment from which defendant can appeal. If she successfully completes her rehabilitation, the charges will be dismissed and the slate wiped clean. If, instead, defendant fails to 'perform[] satisfactorily' in her assigned program, . . . 'the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code.' ([Pen. Code,] § 1000.3, 3d par., italics added.) Only following entry of judgment pursuant to [Penal Code] section 1000.3 will a judgment exist from which defendant can appeal." (*Mazurette, supra,* 24 Cal.4th at p. 794, italics omitted.)

The minor attempts to distinguish *Mazurette* on the ground that, in contrast to the parallel provisions of the Penal Code, the governing statute here uses the term "probation" in referring to the minor's status while under an order deferring entry of judgment. (Welf. & Inst. Code, § 793, subd. (a); see also *id.,* § 794 [referring to "condition[s]" and "term[s]" of "probation"].) The minor asserts that "[t]he result in *Mazurette* would have been arguably different" if the adult deferral statutes used similar language, because "Penal Code Section 1237 expressly authorizes a defendant to appeal from an order granting probation." But if the result in *Mazurette* would have been different, it is because the Penal Code expressly grants appellate jurisdiction over such orders. The Welfare and Institutions Code, in contrast, does *not* authorize an appeal from an order granting probation. (See Welf. & Inst. Code, § 800.) Accordingly the use of the term "probation" in the juvenile deferral statutes has no bearing on the issue before us.

The minor also attempts to distinguish *Mazurette* on the ground that it "arguably" rested on the court's supposed finding of an "available remedy" other than appeal in the form of "an extraordinary writ of mandate or prohibition." He asserts that such a remedy is not available to the minor in a wardship proceeding, according to the holding in *Abdullah B. v. Superior Court* (1982) 135 Cal.App.3d 838, 839 [185 Cal.Rptr. 784] (*Abdullah*). We believe this argument misreads both *Mazurette* and *Abdullah*.

The holding in *Mazurette* did not rest on any conclusion, and indeed the court did not conclude, that the defendant there could have obtained review of the suppression ruling by writ after being placed into the diversion program. Instead the court observed that dismissal of the appeal for want of jurisdiction "d[id] not leave criminal defendants in like position without any remedies." (*Mazurette, supra,* 24 Cal.4th at p. 798.) It listed a number of procedural devices by which a criminal defendant may assert, or reassert, challenges to evidence claimed to have been illegally obtained. (*Ibid.*) Of these devices, three involve appellate review: (1) the defendant "can obtain pretrial review by means of an extraordinary writ of mandate or prohibition"; (2) "should defendant fail in her rehabilitation efforts," she can "appeal from the final judgment of conviction" which would then be entered; and (3) she also had the option to "decline deferred entry of judgment, plead guilty or no contest, and appeal immediately pursuant to [Penal Code] section 1538.5[, subd.] (m)." (*Ibid.*) The court went on to state that any complaint about the adequacy of these procedures was "more appropriately made to the Legislature." (*Ibid.*)

There is no doubt that two of the three appellate remedies identified in *Mazurette* are (or were) equally available to the minor: He could have declined deferred entry of judgment and either admitted the allegations of the petition or disputed them at a jurisdictional hearing and, in either event, could have appealed from any ensuing adverse judgment. Further, he may yet appeal from any judgment that may enter should he fail to successfully complete probation. (See Welf. & Inst. Code, § 790, subds. (a) & (b).) His appellate remedies therefore differ from those identified in *Mazurette* only in the absence of a statutory right to seek "pretrial" review of a suppression ruling by extraordinary writ. (*Mazurette, Supra,* 24 Cal.4th at p. 798; see Pen. Code, § 1538.5, subd. (m); cf. Welf. & Inst. Code, § 700.1; *Abdullah, supra,* 135 Cal.App.3d 838.)

For many reasons, we do not find in this remedial discrepancy a sufficient basis to hold the order here appealable. First, the holding in *Mazurette* simply cannot be said to depend on the statutory provision for pretrial writ review of suppression rulings, or indeed on the availability of any alternative remedy. The central syllogism on which the holding rests is that (1) an order is appealable only if made so by statute, and (2) no statute made the order

appealable. That rationale is unaffected by the availability of other remedies.[2] The discussion of that subject seems designed to allay concerns that dismissal of the appeal produced harsh or unfair consequences. There is no indication that it was necessary to the decision.

■ Second, for present purposes the remedies available to the minor do not appear substantially less advantageous than those available to adult criminal defendants. In particular, the statutory right of a criminal defendant to seek pretrial writ review of an order denying a suppression motion possesses limited efficacy in the present context. Pretrial review is ordinarily available only if a motion to suppress is filed within 60 days after arraignment. (Pen. Code, § 1510.) Further, if a special hearing is held on the motion, review by writ must be sought within 30 days after the motion is denied. (Pen. Code, § 1538.5, subd. (i).) Assuming a defendant seeks review within these time limits, the appellate court retains discretion to summarily deny the petition, and may well do so, particularly if it is not then apparent that the defendant will lack an opportunity to bring a later appeal. (See *People v. Medina* (1972) 6 Cal.3d 484, 492 [99 Cal.Rptr. 630, 492 P.2d 686] ["various considerations . . . may impel appellate justices to vote to deny a defendant's petition for a pretrial writ"], dictum on another point disapproved in *Kowis v. Howard* (1992) 3 Cal.4th 888, 896–897 [12 Cal.Rptr.2d 728, 838 P.2d 250]; *Mazurette, supra,* 24 Cal.4th at p. 798.) Of course if the defendant then receives deferred entry of judgment, the right to seek pretrial writ review will have proved unavailing.

Nor are we convinced that review by extraordinary writ is categorically foreclosed to one in the minor's position. Neither *Mazurette* nor *Abdullah* considered the question whether one who has been subjected to deferred entry of judgment may then petition for a writ of mandate or prohibition on the ground that the order rests on an erroneous denial of a motion to suppress and that the conditions for extraordinary review are otherwise present. Our sense of the cases foreclosing such review in other contexts is that they rest on the implied exclusion of such a remedy under relevant statutory schemes. In the absence of such implied exclusion, we can think of no reason to believe that the traditional judicial power of review by extraordinary writ is categorically unavailable.

However, there is no need to finally decide this question here. The minor has not requested treatment of this appeal as a petition for extraordinary relief. Nor has he shown that the conditions for such relief are present.

---

[2] We recognize, of course, that in *interpreting* a procedural statute it is appropriate, and may be vital, to consider the overall scheme of which it is a part. The defendant in *Mazurette,* however, failed—as has the minor here—to identify any statute that is reasonably susceptible to a reading which grants a right to appeal from the order in question.

■ An extraordinary writ will issue only when we "find that it is . . . 'necessary to protect a substantial right and [then] only when it is shown that some substantial damage will be suffered by petitioner if said writ is denied.' [Citation.]" (*People v. Superior Court (John D.)* (1979) 95 Cal.App.3d 380, 386–387 [157 Cal.Rptr. 157], quoting *Parker v. Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6].) The minor's supplemental brief contains passing suggestions that the denial of review may injure him in certain respects, but we find in these suggestions insufficient ground to treat the appeal as a petition for an extraordinary writ, even if we were plainly asked to grant such treatment.

■ The minor suggests that the order deferring entry of judgment imposes a lingering potential harm because, in contrast to the defendant in *Mazurette*, his "slate" will not be "wiped" entirely "clean" upon successful completion of deferral; instead, prosecuting authorities will be entitled to consult the record in this matter "for the limited purpose of determining whether the minor is eligible for deferred entry of judgment pursuant to Section 790." (Welf. & Inst. Code, § 793, subd. (c).) We understand this to mean that if the minor successfully completes the present deferral program but again becomes the subject of wardship proceedings in the future, authorities may consult the present record at that time in deciding whether to *agree* to a second deferral of judgment.[3]

■ We need not closely examine the effect of this provision because there is no indication that *reversal* of the present order on the grounds urged by the minor would leave his slate any cleaner than it will be after a successful completion of deferral. If the present order were reversed on the ground that the motion to suppress was erroneously denied, the probable result would be dismissal of the petition for lack of sufficient evidence. (See *McClellan v. Superior Court* (1971) 18 Cal.App.3d 311, 314–315 [95 Cal.Rptr. 590].) We know of no rule which would then bar future prosecutors from consulting the record in this matter. While juvenile court records are generally confidential, law enforcement and prosecutorial authorities can

---

[3] The statute presents an anomaly in its supposition that after the minor successfully completes a deferral program, the record may remain relevant to a future determination whether the minor is "eligible" for a further deferred entry of judgment. (Welf. & Inst. Code, § 793, subd. (c).) It is true that a past *failure* in a deferral program will disqualify the minor from consideration for deferral if it resulted in "probation [being] revoked without being completed." (Welf. & Inst. Code, § 790, subd. (a)(4).) But a successfully concluded deferral has no apparent relevance to the minor's "eligibility." On the other hand, the statutes do appear to contemplate that deferral may only be ordered with the unanimous assent of the district attorney, the minor's attorney, and the juvenile court. (Welf. & Inst. Code, § 790, subd. (b).) It stands to reason that Welfare and Institutions Code section 793, subdivision (c), is intended to permit the district attorney to review the minor's previous record, notwithstanding successful completion of deferral, in deciding whether to withhold his or her agreement to a later additional deferral.

consult them for a wide variety of purposes. (See Welf. & Inst. Code, § 827 et seq.) In the absence of some affirmative demonstration to the contrary, we presume that after a dismissal as described above, the district attorney could examine the file in this matter for all the reasons specified in Welfare and Institutions Code section 793, subdivision (c), and more. Accordingly, a reversal on the merits would not help the minor in the manner his argument contemplates, but could very well injure him by making his record available for purposes beyond the one contemplated by Welfare and Institutions Code section 793, subdivision (c).

We emphasize that the point discussed in the previous three paragraphs assumes successful completion of the deferral program. Should the minor fail in that program, the statutes call for entry of a "judgment" from which he can then appeal, challenging the denial of his suppression motion. (Welf. & Inst. Code, § 793, subds. (a), (b).) The present point is that nothing in this record justifies the extraordinary step of construing the notice of appeal as an application for extraordinary relief, because there is no basis to conclude that a reversal of the order he challenges would "protect a substantial right" or avert "some substantial damage" that "will be suffered by [the minor] if said writ is denied." (*People v. Superior Court (John D.)*, *supra*, 95 Cal.App.3d at pp. 386–387.

Appellant also suggests that he has been subjected to probation conditions constituting "extreme limits on his freedom," for which there is no recourse if he is denied appellate review. No attempt is made to substantiate this assertion with any indication (let alone a sworn statement) of how the minor is actually injured by the conditions. We acknowledge that some of the conditions, such the imposition of a "curfew," do indeed work at least an abstract limitation on the minor's personal liberty. As noted above, however, it appears likely that a reversal would also have certain adverse consequences for the minor by comparison to the successful completion of deferral. So far as this record shows, such completion—with its virtual expungement of the record in this matter—is now a few months from achievement. On such a record we will not undertake extraordinary review without an explicit request that we do so and a showing sufficient to support that request.

## DISPOSITION

The appeal is dismissed.

Premo, J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 23, 2005.