Filed 2/26/13  In re Alvin N. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ALVIN N., a Person Coming Under the Juvenile Court Law. | B242520 (Los Angeles County Super. Ct. No. JJ17422) |
| THE PEOPLE, Plaintiff and Respondent, v. ALVIN N., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Alvin N. appeals from the order of wardship (Welf. & Inst. Code, § 602) entered following the juvenile court's revocation of deferred entry of judgment (Welf. & Inst. Code, § 790) which had been ordered following Alvin N.'s admission that he committed the felony of first degree residential burglary (Pen. Code, § 459). Alvin N. was placed at home on probation with a maximum confinement time of six years. We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[1]

On September 30, 2009, witnesses observed Alvin N. and three companions park a white van in front of the victims' residence. Alvin N. was in the front passenger seat. He was later seen carrying items from the rear of the victims' residence and passing them over a fence to one of his companions. His companion then carried the items to the van, where yet another companion was acting as a lookout. After the van had been loaded with items, Alvin N. and his companions returned to the vehicle.

In the meantime, a witness to Alvin N.'s and his companions' activities had called the police. Before they could leave the scene, officers arrived and detained Alvin N. and his cohorts.

One of the officers discovered that the bars had been pried open and a screen removed from one window, which had then been used as a point of entry to the house. In addition, officers discovered that the van, which was being driven by one of Alvin N.'s companions, had been reported stolen. The van had a broken driver's side window and the key in the ignition did not fit. In the back of the van, officers found numerous items such as keyboards, computers, speakers, an "Xbox" and controller and an audio mixer.

Alvin N. and his companions were transported to the 77th Street Station for booking, then taken to Los Padrinos.

When they returned home from work on that day, police officers were still at the victims' residence. When the victims went inside, they observed that their house had

---

[1] The facts have been taken from a probation report.

been ransacked, that the bars on one window had been pried open and that a trash can had been placed under the window.

2. *Procedural history.*

On October 30, 2009, a petition pursuant to Welfare and Institutions Code section 602 was filed alleging that, on or about September 3, 2009, 16-year-old Alvin N. committed first degree residential burglary in violation of Penal Code section 459, a felony.

At proceedings held on March 8, 2010, the district attorney indicated that an agreement for disposition of the matter had been reached. If Alvin N. admitted committing the alleged burglary, the People would defer entry of judgment. The juvenile court then addressed Alvin N., stating, "You know what your responsibilities are. [¶] The [district attorney] is going to advise you of your rights. If you admit this matter and I accept it, you go on deferred entry of judgment, which means you're on probation for a year. If you do good and you obey [your probation officer] . . . you will have no felony on your record and that will be vitally important to you later on when you're planning to go to Harvard or someplace . . . ."

Alvin N. indicated that he understood and was waiving his right to a "juvenile adjudication," his right to confront and cross-examine the witnesses against him, his right to use the subpoena power of the court at no cost to him to bring in his own witnesses, his right to put on a defense and his right to remain silent. The prosecutor then explained to Alvin N. that "deferred entry of judgment" was "an informal [one year] probation" where he would be required to follow, and in some instances complete, all of the terms required by the court. If he completed all of those terms, the case against him would be dismissed. If he did not fulfill all of the terms, the court could extend the period of probation for up to three years. The prosecutor continued, "If you fail to complete deferred entry of judgment, there are . . . consequences . . . . [Y]ou can be placed home on [formal] probation[,] . . . [or you could be] placed in a foster home, away from the care of your family . . . [or you could be] placed in juvenile hall, and last of all, you [could] be placed in camp community placement. [¶] What that means is [you would be in] a lockdown

3

facility in which you [would] have to follow the terms of probation and the terms the court gives you, and follow what the people [at] the camp tell you."

The prosecutor indicated that, if Alvin N. failed to complete the requirements for a deferred entry of judgment, judgment would be entered against him and he would be required to pay a fine in an amount somewhere between $100 and $1,000, and to reimburse the victims for any damages they may have suffered as a result of his and his companions' conduct.

After he indicated that he understood that the "maximum [period of] confinement on this case could be six years" and he was "freely and voluntarily" admitting commission of the crime, Alvin N. admitted having committed the crime of first degree residential burglary in violation of Penal Code section 459, a felony. Both defense counsel and the prosecutor joined in the waivers of rights, concurred in the admission and stipulated to a factual basis for the plea. The juvenile court accepted the plea and placed Alvin N. on "Welfare [and] Institutions Code section 790 probation." The juvenile court then listed for Alvin N. the conditions of his probation.

In a probation officer's report dated July 6, 2010, the officer indicated that Alvin N.'s "conduct under probation supervision [had been] marginal to poor." The officer indicated that "[r]esidential care [could] be required." In a report dated October 6, 2010, the probation officer indicated there had been some improvement in Alvin N.'s behavior. The officer stated, "The minor's overall progress under probation supervision is fair at this time. [He] has reported as [instructed] and refrained from any further negative contact with law enforcement officials . . . ." The officer recommended that the previous terms of probation remain in full force and effect and that the matter remain on the appearance calendar. However, in a probation report issued on January 4, 2011, the officer indicated that Alvin N. had "a bench warrant issued by Department 264." When, after he was detained he was questioned by the probation officer, Alvin N. indicated that he "use[d] drugs, [drank] alcohol and participate[d] in gang activity." He stated that he belonged to the "Athens Park Blood Gang" and that his moniker was " 'Smiley.' "

4

In a probation officer's report filed March 3, 2011, the officer indicated that, on December 20, 2010, a petition had been filed alleging that Alvin N. possessed for sale a controlled substance, Xanax, in violation of Health and Safety Code section 11374, subdivision (b)(1). After being booked and cited for the offense, Alvin N. was released to the custody of his father.

Following Alvin N.'s arrest for possession of a controlled substance, his probation officer reported that, although Alvin N.'s conduct was not sophisticated, it "demonstrate[d] a [certain] level of escalating delinquency" which should concern the court. This was particularly so because Alvin N. was a documented gang member who previously had admitted smoking marijuana. The probation officer continued, indicating that this arrest placed Alvin N. in violation of the terms of his probation and showed a "blatant disregard for the instructions of the court and the Probation Department." The probation officer recommended that Alvin N.'s status as one whose entry of judgment had been deferred be revoked, that the matter proceed to disposition and that Alvin N. "be made a ward of the court under [section] 602 of the Welfare and Institutions Code." Finally, the probation officer recommended that Alvin N. "be detained in Juvenile Hall for 30 days[.]"

A later probation report, filed April 24, 2012, indicated that Alvin N. had been arrested in October 2011 for tailgating in violation of Vehicle Code section 21703 and arrested again in December 2011 for driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)). In addition, Alvin N. had completed only eight of the 50 hours of community service which had been ordered by the court and had "shown no further progress."

Alvin N.'s case regarding the deferred entry of judgment entered after his admission that he had committed first degree residential burglary was set for a hearing before the juvenile court on May 17, 2012. However, when Alvin N. failed to appear without a sufficient excuse, a warrant for his arrest was issued and the matter was set to be heard on May 24, 2012.

Alvin N., who was at that time over 18 years of age, appeared before the juvenile court on May 24, 2012. He was accompanied by his counsel and his sister. The juvenile court indicated that Alvin N.'s progress report indicated that he was, at that time, on probation in adult court. In addition, there was a warrant outstanding for his arrest in the Compton court. In view of these circumstances, the juvenile court indicated that the deferred entry of judgment which had been ordered on March 8, 2010 was to be revoked and the petition sustained. When Alvin N.'s counsel then requested a "disposition hearing," the juvenile court stated: "[W]e don't need a disposition here. It is within the court's discretion whether or not [the] minor remains on 790. This petition was [filed in] October 2009. The minor admitted on March [8,] 2010 and during this period of time he has not done what was required of him, and in the interim, he picked up an adult case." The juvenile court continued, "Deferred entry of judgment is revoked at this time. . . . The petition is found true [and] is sustained. [Alvin N.] falls within . . . section 602 of the Welfare and Institutions Code."

When Alvin N.'s counsel continued to insist that Alvin N. was entitled to a dispositional hearing, the juvenile court responded, "Counsel, the court has ruled. This petition is a sustained petition. [Alvin N.] was on 790. It is . . . within the court's discretion to revoke 790. [Alvin N.] has been on deferred entry of judgment for two years and during [that] time he [has] picked up one petition and an adult matter, and he is now on adult supervision." The juvenile court then declared Alvin N. "a ward of the court pursuant to section 602 of the Welfare and Institutions Code" and indicated that his "care, custody[,] . . . control and conduct [were thereby] placed under the supervision of the Probation Department." The court, however, allowed Alvin N. to "remain in the home of his parents" although the conditions "of probation [previously] ordered . . . [were to] remain in full force and effect." The court then added a condition, that Alvin N. provide a DNA sample.

After the court made its ruling, Alvin N.'s counsel requested that it re-open the matter so that she could make a record regarding Alvin's entitlement to a hearing during which he could contest the court's finding that Alvin N. had violated the terms of the

6

deferred entry of judgment. The juvenile court obliged and allowed counsel to argue that, pursuant to California Rules of Court, rule 5.580, Alvin N. had a right to a dispositional hearing.**2** The juvenile court responded, "Counsel, the disposition was 790 with the understanding that if your client [did] not successfully complete 790, then [it could] be revoked. It was revoked. It is within the court's discretion, and the matter proceeds to home on probation." In addition, the juvenile court noted that "[t]he recommendation of probation was to terminate juvenile jurisdiction because [Alvin N.] ha[d] an adult matter. That [was] the recommendation." The court, however, decided not to terminate "juvenile jurisdiction because, one, the minor has not complied with all the conditions of his probation, and as indicated, 790 was the disposition. [Alvin N.] was advised that it [was] a program that [would] last three years. It is within the court's discretion to revoke the program. In this case, the court exercised its discretion to revoke 790, because one, the minor is on informal probation [on] a matter out of Compton, a misdemeanor matter. [In addition, Alvin N.] has been on deferred entry of judgment since March of 2010, and . . . has had two years to this date to comply, and he did not and has not complied. Instead, he has picked up an adult case and it is for those reasons that [this] court [has] exercised its discretion, revoked [Alvin N.'s] 790 [status], and proceeded with home on probation."

On May 31, 2012, Alvin N. filed a timely notice of appeal from the trial court's May 24, 2012 ruling. In the notice of appeal, Alvin N. indicated that he was appealing from the juvenile court's "[h]ome on [p]robation [o]rder after [Welfare and Institutions

---

**2**    California Rules of Court, rule 5.580(a) provides in relevant part: "Notice of a hearing to be held under section 777 must be issued and served as provided in sections 658, 660, and 777 and prepared: [¶] (1) By the probation officer if the child has been declared a ward under section 601; or [¶] (2) By the probation officer or the district attorney if the child is a ward or is on probation under section 602, and the alleged violation of probation is not a crime." Here, Alvin N. was declared a ward of the court pursuant to Welfare and Institutions Code section 602 and the alleged violations of the deferred entry of judgment consisted of criminal acts.

Code section] 790 revocation." Alvin N. asserted that he was "denied [his] right to [a] disposition hearing pursuant to [Welfare and Institutions Code section] 793."[3]

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed November 20, 2012, the clerk of this court advised Alvin N. to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

---

[3] Welfare and Institutions Code section 793 provides in relevant part: "(a) If it appears to the prosecuting attorney, the court, or the probation department that the minor is not performing satisfactorily in the assigned program or is not complying with the terms of the minor's probation, or that the minor is not benefitting from education, treatment, or rehabilitation, the court shall lift the deferred entry of judgment and schedule a dispositional hearing. If after accepting deferred entry of judgment and during the period in which deferred entry of judgment was granted, the minor is convicted of, or declared to be a person described in . . . Section 602, because of the commission of one misdemeanor offense, or multiple misdemeanor offenses committed during a single occasion, the court may enter judgment and schedule a dispositional hearing. [¶] (b) If the judgment previously deferred is imposed and a dispositional hearing scheduled pursuant to subdivision (a), the juvenile court shall report the complete criminal history of the minor to the Department of Justice, pursuant to Section 602.5." In the present matter, the hearing held on May 24, 2012 would be considered a dispositional hearing within the meaning of section 793. (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308, fn. 1.)

**DISPOSITION**

The order of wardship (Welf. & Inst. Code, § 602) is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.

We concur:

KLEIN, P. J.



KITCHING, J.