Filed 12/16/20  P. v. Alexander CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN ALEXANDER,<br><br>    Defendant and Appellant. | B300927<br><br>Los Angeles County<br>Super. Ct. No. BH012563 |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Dismissed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant Steven Alexander appeals from the denial of a habeas petition seeking correction of his custody credits. He argues that the court improperly reduced his credits outside his presence and without the assistance of counsel and asks us to remand the matter for the court to resentence him. We conclude we lack jurisdiction over the appeal and dismiss it.

# BACKGROUND

In 2012, defendant was convicted, in case No. PA069032, of two counts of first degree burglary with a person present (Pen. Code,[1] § 459), one count of second degree burglary (§ 459), three counts of resisting an executive officer (§ 69), and one count of battery with injury on a peace officer (§ 243, subd. (c)(2)). He was sentenced to a second-strike term of 25 years four months in state prison. The court classified defendant's convictions as serious felonies and awarded him 20 percent conduct credit.

In 2016, defendant asked the California Department of Corrections and Rehabilitation (CDCR) why he was receiving 15 percent conduct credit notwithstanding the court's determination that he was entitled to 20 percent. A series of administrative appeals followed, all of which ratified CDCR's actions.

Nevertheless, CDCR eventually wrote to the court to ask for clarification as to whether defendant's first degree burglary convictions were serious felonies (§ 1192.7, subd. (c)(18) ["any burglary of the first degree" is a serious felony]) or violent felonies (§ 667.5, subd. (c)(21) ["Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged

---

[1] All undesignated statutory references are to the Penal Code.

and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary" is a violent felony]).[2] CDCR noted that although the crimes' descriptions in the abstract of judgment included the language "Person Present," the sentencing minute order referred to the offenses as serious felonies. On July 26, 2018, the court reviewed the sentencing transcript, abstract of judgment, and court minutes, and determined counts 1 and 2 were both violent felonies. Defendant was not present and was not represented by counsel.

On July 12, 2019, defendant filed a petition for writ of habeas corpus seeking to correct his custody credits.[3] On August 16, 2019, the petition was denied by memorandum. The court determined that under section 667.5, subdivision (c)(21), defendant's first degree burglary convictions were violent felonies. As such, under section 2933.1, subdivision (a), he was entitled to no more than 15 percent custody credit.

On September 19, 2019, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends that the court erred by reducing his custody credits outside his presence and without the benefit of counsel. The People argue that because this is an appeal from the

---

[2] Defendant's February 21, 2020, motion to augment the record on appeal is granted. The record is hereby augmented with exhibits A, B, and C attached to counsel's declaration.

[3] An earlier habeas petition, filed January 10, 2018, was denied without prejudice because defendant failed to attach required supporting documentation.

3

denial of a habeas petition, we must dismiss it as nonjusticiable. We agree with the People.

A superior court order denying a criminal defendant's petition for writ of habeas corpus is not appealable. (§§ 1237, 1506; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal."].) Here, the court denied defendant's habeas petition. Because that order is not an appealable order, we must dismiss the appeal. (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 ["[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' "].)[4]

---

[4] To the extent defendant purports to appeal from the July 26, 2018 order, by a different bench officer, in case No. PA069032, that reclassified his felonies as violent rather than serious, we would still lack jurisdiction to consider the merits of this matter because the notice of appeal filed on September 19, 2019, was untimely. (Cal. Rules of Court, rules 8.308(a) [notice of appeal must be filed within 60 days], 8.25(b)(5) [timeliness of filings by prison inmates].) We also note that notwithstanding his contrary assertion, according to the prison mail log defendant provided to this court, he received a letter from the Los Angeles Superior Court, North Valley District, on August 6, 2018, 13 days after the corrected minute order was filed.

4

## DISPOSITION

The appeal is dismissed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:



EDMON, P. J.



DHANIDINA, J.