Filed 1/15/21  P. v. Muniz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306408 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA072234 |
| LUIS MIGUEL MUNIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge. Dismissed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Luis Miguel Muniz appeals from the denial of a habeas corpus petition seeking reversal of his convictions. After independently reviewing the record, we conclude we lack jurisdiction over the appeal and dismiss it.

## BACKGROUND

In an information filed in September 2006, Muniz was charged in count one with the murder of Gustavo Ramirez (Pen. Code,[1] § 187, subd. (a)), in count two with shooting a firearm from a motor vehicle (§ 12034, subd. (c)), in count three with the attempted murder of Hector Escamilla (§§ 664/187, subd. (a)), and in count four with the attempted murder of Carlos Molinar (§§ 664/187, subd. (a)). As to count one, the information alleged that Muniz personally and intentionally discharged a firearm causing Ramirez's death within the meaning of section 12022.53, subdivision (d). As to the other counts, the information also alleged firearm use enhancements. Following a jury trial, Muniz was convicted of all counts and the firearm use allegations were found true. On February 14, 2007, Muniz was sentenced to an aggregate term of 100 years to life. The judgment was affirmed in 2009. (*People v. Muniz* (Jan. 16, 2009, B197185) [nonpub. opn.].)

On May 1, 2020, Muniz filed a petition for writ of habeas corpus asserting that his trial attorney allowed the prosecutor to "bully" Muniz into not testifying at trial. Muniz also asserted that the prosecutor threatened "to fly in the F.B.I." and reopen a closed case if Muniz called alibi witnesses at trial. On June 10,

---

[1] All undesignated statutory references are to the Penal Code.

2020, the trial court denied the petition in a written order. The court explained that the petition failed to allege facts establishing a prima facie case for relief, was untimely, and raised issues which could have been raised on appeal or were raised and rejected on appeal.

Muniz filed a timely notice of appeal from the order, and we appointed counsel to represent him. Appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified Muniz that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider. Muniz submitted a supplemental brief stating that although "the jury is right," he didn't commit "this murder." He explained that he is willing to come forward and speak about what he knows at the "right time with the right people" with the court's help.

## DISCUSSION

A trial court order denying a criminal defendant's petition for writ of habeas corpus is not appealable. (§§ 1237, 1506; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal."].) Here, the court denied Muniz's habeas petition. Because that order is not an appealable order, we must dismiss the appeal. (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 ["[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' "].)

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us.

## DISPOSITION

The appeal is dismissed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.