Filed 8/3/21  P. v. Fregoso CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VICTOR RICK FREGOSO,<br><br>Defendant and Appellant. | B311178<br><br>(Los Angeles County<br>Super. Ct. No. KA083292) |

THE COURT:

In 2008, after being convicted of seven counts of second degree robbery (Pen. Code, § 211),[1] two counts of carjacking (§ 215, subd. (a)), and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)), defendant and appellant Victor Rick Fregoso was sentenced to 250 years to life in state prison.  The sentence included firearm enhancements under section 12022.53, subdivision (b).  We affirmed the judgment on

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

direct appeal. (*People v. Fregoso* (Feb. 24, 2010, B212996) [nonpub. opn.].)

In February 2021, defendant filed a petition for writ of habeas corpus in which he requested resentencing under Senate Bill No. 620 (2017-2018 Reg. Sess.) (SB 620).[2] The trial court summarily denied the petition. The court's minute order explained: "SB 620 does not apply to cases that were final when the law was enacted. Defendant's case became final on May 24, 2010." Defendant appealed.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. On June 3, 2021, we notified defendant that he had 30 days within which to personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. To date, defendant has not filed a supplemental brief or letter.

"[I]n noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal." (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) Because the order denying defendant's petition for writ of habeas corpus is nonappealable, we dismiss his appeal. (See *In re Mario C.* (2004)

---

[2] SB 620, effective January 1, 2018, amended "sections 12022.5 and 12022.53, which set forth firearm enhancements, so that the [trial] court may now, in its discretion, strike the enhancements in the interests of justice." (*People v. Phung* (2018) 25 Cal.App.5th 741, 762–763.)

124 Cal.App.4th 1303, 1307 ["[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion. [Citations.]'"].)[3]

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.

---

[3]      We detect no cause to treat defendant's appeal as the filing of a new petition for writ of habeas corpus in the Court of Appeal. (Cf. *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.)