Filed 9/17/24  Kirchmeyer v. Pardo CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| KIMBERLY KIRCHMEYER, as Director, etc. | D082185 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2022-00046932-CU-PT-CTL) |
| FRANCISCO PARDO, | |
| Defendant and Appellant; | |
| WILLIAM PRASIFKA, as Executive Director, etc. | |
| Real Party in Interest. | |

APPEAL from an order of the Superior Court of San Diego County, Keri Katz, Judge.  Affirmed.

Joseph Charles La Costa for Defendant and Appellant.

Rob Bonta, Attorney General, Gloria L. Castro, Senior Assistant Attorney General, Alexandra M. Alvarez and Keith C. Shaw, Deputy Attorneys General, for Plaintiff, Respondents and Real Party in Interest.

In an investigation into psychiatrist Francisco Pardo's prescriptions of controlled substances, the Department of Consumer Affairs (DCA) served Dr.

Pardo with subpoenas commanding him to produce medical records of six of his patients. When Dr. Pardo did not comply with the subpoenas, the DCA petitioned the superior court to enforce them. The court granted the petition, whereupon four of the patients filed a motion requesting reconsideration of the order granting the petition and seeking to intervene in the enforcement action. The court denied the motion. Dr. Pardo appeals the order denying the motion. We dismiss the appeal of the denial of the patients' reconsideration motion because such an order is not appealable; and we affirm the court's denial of the intervention motion because Dr. Pardo forfeited that issue on appeal.

## I.
## Background

### A. Investigation of Dr. Pardo

In April of 2020, the U.S. Drug Enforcement Agency (DEA) contacted the Medical Board of California (Medical Board) about a DEA investigation into potential excessive and/or unnecessary prescribing of controlled substances by Dr. Pardo. Prompted by the DEA's referral to the Board, the DCA (acting on behalf of the Board) initiated an investigation of its own.

As part of this investigation, a medical consultant reviewed reports from the DEA and from a statewide database that tracks prescribing and dispensing activity for controlled substances. In the course of his review, the medical consultant identified concerns relating to Dr. Pardo's prescribing practices.

Prompted by these concerns, the DCA reached out repeatedly to six of Dr. Pardo's patients, requesting their authorization for Dr. Pardo to release their medical records to it. Thus, for example, in June of 2021, the DCA mailed each of the six patients a letter requesting such authorization; in May

2

of 2022, it mailed four of the six patients a second round of such letters; and, in July of 2022, it mailed all six patients a third round of such letters.

Accompanying each letter in all three rounds was a release-of-patient-medical-records authorization form for the patient to sign.  Each letter sent in the third round also included:  (1) a DCA subpoena (which the DCA contemporaneously served on Dr. Pardo) directing Dr. Pardo to produce the patient's medical records for a specific timeframe;[1] (2) a form for the patient to sign if they objected to the subpoena; and (3) a pair of one-page forms (one titled Notice to Consumer, and the other titled Consumer Information About Release of Medical Information) that advised the patient of their right to withhold consent, recommended the patient consult with an attorney "to advise you of your rights of privacy," and invited the patient or their attorney to contact the DCA investigator "to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena."

None of the six patients authorized the release of their records. Instead, five of them objected.[2]  In keeping with the objections, Dr. Pardo produced no records.  Having thus failed to obtain the subpoenaed medical records, the DCA initiated an enforcement action in superior court to enforce the six subpoenas.

## B.    Proceedings Below

The enforcement action commenced with the DCA's filing of a petition for an order directing Dr. Pardo to produce the subpoenaed medical records.

---

[1]    Dr. Pardo asserts without citation to the record that the Department of Consumer Affairs did not give contemporaneous notice to the patients when it issued the investigative subpoenas.  But the record contradicts this unsubstantiated assertion.

[2]    The sixth patient did not respond to any of the DCA's communications. According to Dr. Pardo, this patient was deceased.

The petition was accompanied by a declaration from a DCA investigator attesting to the matters set forth *ante* and a declaration from the medical consultant. The DCA served the petition and the declarations on Dr. Pardo. It did not serve these items on any of the patients; nor did it furnish any of the patients with notice of the petition.

Dr. Pardo responded to the petition by filing an opposition in which he argued the petition should be denied because: the DCA medical consultant's declaration did not establish good cause to enforce the subpoenas; he had been denied discovery; and the patients had reasonable expectations of privacy and confidentiality in their medical records, and had objected to the records being produced.

The hearing on the petition was attended not only by counsel for the parties (the DCA and Dr. Pardo), but also by an attorney for two of the six patients, by one of the patients whom that attorney represented, and by a third patient (who appeared in propria persona). At the conclusion of the hearing, the superior court granted the petition.

Three weeks after the superior court had granted the petition, four of the six patients filed an ex parte application in which they requested a stay of the order granting the petition and an expedited hearing on a motion requesting reconsideration of the order granting the petition and seeking to intervene in the enforcement action. The DCA opposed the application.[3] Following a hearing, the superior court denied the request for a stay and set a hearing date for the motion. Thereafter, the four patients filed their motion

---

[3]     By this time, Dr. Pardo had produced medical records in response to all six subpoenas, and the DCA had initiated an administrative proceeding in which it accused Dr. Pardo of: 26 acts of gross negligence and five causes for discipline arising therefrom.

for reconsideration and seeking to intervene. The DCA opposed the patients' motion. The superior court denied the motion. Dr. Pardo then appealed the order denying the motion.

## C. Proceedings on Appeal

After Dr. Pardo filed his opening brief, this court *sua sponte* invited the parties to brief whether Dr. Pardo lacked standing to appeal the order denying the patients' motion and whether either or both aspects of that order—i.e., the aspect denying reconsideration and the aspect denying intervention—were appealable.

Then, after the parties briefed these issues, the DCA filed a motion to dismiss the appeal, arguing among other things that the appeal was moot, that the order denying the patients' motion was not appealable, and that the patients' request for reconsideration was defective because the plaintiffs had failed to establish new or different circumstances.

This court directed Dr. Pardo to file a brief explaining why the appeal should not be dismissed in light of the DCA having represented (as one of the predicates for its mootness argument) that it and Dr. Pardo had entered into a settlement. Dr. Pardo filed a responsive brief.

In response to the supplemental submissions described above, this court ordered that the matters as to which it had invited further briefing, and the matters the parties had argued in connection with the motion to dismiss, would be deferred to the hearing on the merits for resolution. After this court so ordered, the DCA filed its respondent's brief. Dr. Pardo filed no reply.

## II.
## Discussion

In his opening brief, Dr. Pardo contends the superior court erred in granting the petition to enforce the subpoenas because: the DCA medical consultant's declaration did not establish good cause to enforce the

5

subpoenas; he had been denied discovery; and the patients had not been joined as parties to the enforcement action or afforded adequate notice and an opportunity to be heard. But in making these contentions, Dr. Pardo conflates the matters that were placed in issue for the hearing on the DCA's petition with the matters that were placed in issue for the hearing on the patients' motion.

It is well to remember that the order Dr. Pardo appealed is not the order granting the petition; it is the order denying the motion. That motion, as framed by the patients who filed it, sought two distinct things—(1) reconsideration and (2) intervention—each of which warrants its own distinct analysis.

## A. Reconsideration

Focusing our attention first on the superior court's denial of the request for reconsideration, we begin by noting that the provision of the Code of Civil Procedure that permits reconsideration (and that the patients invoked in their motion) is section 1008. Subdivision (a) of section 1008 provides that:

> "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law,* make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application *shall state by affidavit* what application was made before, when and to what judge, what order or decisions were made, and *what new or different facts, circumstances, or law are claimed to be shown."*(Italics added.)

In the papers they filed in support of their motion asking the superior court to reconsider its order granting the petition, the patients did not identify any "new or different facts, circumstances, or law"—by affidavit or otherwise. On

6

this basis alone, the superior court was justified in denying the request for reconsideration.

So too would the court have been justified in denying the request based on another subdivision of section 1008—subdivision (g).  Subdivision (g) provides that "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) *is not separately appealable*" (italics added).  Rather, it can be reviewed only as part of an appeal from the order as to which reconsideration is sought.  (Code Civ. Proc., § 1008, subd. (g).)

But Dr. Pardo did not appeal the order as to which reconsideration was sought (that is to say, he did not appeal the order granting the petition); instead he appealed only the order denying reconsideration.  Hence, for this further reason, the superior court was justified in denying the request for reconsideration.  (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633 [juxtaposing minority view "that an order denying a motion for reconsideration is appealable when the motion raise[s] new facts or law" against "prevailing view . . . that an order denying a motion for reconsideration is not an appealable order under *any* circumstances" (italics added) and concluding appeal should be dismissed under either view because appellant had introduced no new law or facts].)

Moreover, the decision to deny the patients' request for reconsideration is further justified by the fact that the Code of Civil Procedure provision delineating the types of orders that are appealable includes no mention of orders denying reconsideration.  (See Code Civ. Proc., § 904.1; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 [citing multiple opinions in which courts "have concluded that orders denying reconsideration are not appealable because 'Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders' "].)

7

Because the superior court's denial of the request for reconsideration is not appealable, we must dismiss the appeal to the extent it seeks review of the portion of the superior court's order denying reconsideration. (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 [the "fundamental rule governing the appealability of orders is that ' "a judgment or order is not appealable unless expressly made so by statute" ' "].)

## B. Intervention

Insofar as intervention is concerned, the argument the patients made in support of their motion was rooted exclusively in two items—a provision of the Code of Civil Procedure (§ 387) and a federal regulation (42 C.F.R. § 2.66, sub. (b)). The argument, in its entirety, consisted of three sentences invoking those items, as follows:

> "Code Civ. Proc. § 387(b) and (a) authorize Movants to intervene as they have a real interest in protecting their private information from disclosure. . . . 42 CFR §2.66(d) [*sic*[4]] requires the patient be afforded an opportunity to seek revocation or amendment of an order that authorizes disclosure of their medical records. Therefore, Movants have a right to intervene in this action."

As scant as this argument was in the brief the plaintiffs filed in superior court, it is scanter still in the opening brief Dr. Pardo has filed in this court. Indeed, despite the fact that section 387 and regulation 2.66, subdivision (b) were the sum and substance of the argument for intervention that the patients made to the superior court, neither of these items is mentioned anywhere in the brief that Dr. Pardo filed in this court. Nor is

---

[4] The part of regulation 2.66 that discusses revocation or amendment of an order authorizing disclosure of medical records is subdivision (b), not subdivision (d). We express no view as to the applicability of regulation 2.66 to the circumstances presented in this case.

8

*intervention* mentioned in the brief that Dr. Pardo filed in this court. Instead that brief dwells on good cause, discovery, joinder, and notice.

The patients "having chosen to file [their] motion in the trial court under [section 387, subdivision (b), and regulation 2.66, subdivision (b)] and base all [their] arguments below upon [those] provision[s], appellant should not at this late date be permitted to change the entire basis of [the] motion because in hindsight it now seems expedient for [him] to do so." (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 110). " '[A] party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but [also] manifestly unjust to the opposing litigant' " (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12) and in contravention of the objective of promoting judicial efficiency and economy. Consequently, Dr. Pardo's wholesale failure to address in his opening brief the superior court's denial of the patients' request for intervention must be deemed a forfeiture of that issue on appeal. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 ["an appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal"]; see also *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 ["Issues not raised in an appellant's brief are deemed waived or abandoned"]; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own: if they are not raised . . . , we consider the issues waived"].)[5]

---

[5] Our resolution of this appeal on the grounds set forth above renders it unnecessary for us to address the parties' other arguments. The motion to dismiss is granted insofar as it is directed at the portion of the appealed order that denied reconsideration; in all other respects it is denied as moot.

## III.
## Disposition

The appeal is dismissed to the extent it seeks review of the portion of the superior court's order denying the patients' request for reconsideration. To the extent it seeks review of the portion of the superior court's order denying the patients' request for intervention, the order is affirmed. Respondent is entitled to costs on appeal.

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.