Filed 12/24/20  In re T.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re T.H., a Person Coming Under the Juvenile Court Law. | C091584 |
| THE PEOPLE, | (Super. Ct. No. JV135751) |
| Plaintiff and Respondent, | |
| v. | |
| T.H., | |
| Defendant and Appellant. | |

Appointed counsel for minor Timothy H. has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119 [*Wende* procedure applies to appeals in juvenile delinquency cases].)  As we explain, we will dismiss the appeal, which is taken from the denial of a petition to seal.

1

BACKGROUND

In December 2013 the minor and others took property from Q.C. About a month later, the minor and others took Jennifer B.'s keys and her phone by force or fear, and ran across a parking lot and stole her vehicle. One of the other participants in the robbery (not the minor) possessed a firearm.

The minor admitted an allegation in a delinquency petition (Welf. & Inst. Code, § 602)[1] that he committed a robbery (Pen. Code, § 211) while armed with a firearm (*id*., § 12022, subd. (a)), and grand theft from a person (*id*., § 487, subd. (c).) The trial court declared the minor a ward of the court, committed him to the Division of Juvenile Justice (DJJ), and ordered him to pay various fines, fees, and restitution.

The minor was granted parole and discharged from DJJ in early 2016. In April 2016 the court terminated DJJ jurisdiction and placed him on formal probation. In July 2019 probation recommended the court terminate the minor's probation. The trial court found the minor had substantially completed the terms of probation, and terminated probation. The trial court granted a section 782 motion and dismissed the wardship petition. The minor filed a motion to seal his juvenile record under section 786. Following a contested hearing, the trial court denied the motion to seal. The minor appeals the denial of the motion to seal.

DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 499-501 (*Serrano*).)

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has previously established a constitutional right to counsel.  (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Conservatorship of Ben C., supra*, 40 Cal.4th at pp. 536-537.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano,* at pp. 500-501.)  The right to *Wende* review has also been extended to a minor's first appeal in a delinquency case.  (*In re Kevin S., supra*, 113 Cal.App.4th at p. 118.)

The "judgment" in a delinquency proceeding is the dispositional order made after the trial court has found facts establishing juvenile court jurisdiction.  (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307-1308; §§ 725, 706.)  The appeal before us, although originating in a juvenile delinquency context, is not a first appeal of right from a juvenile proceeding because it is not an appeal from the disposition.  (See *Serrano, supra*, 211 Cal.App.4th at p. 501.)  While a minor has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§ 800), that right is statutory, not constitutional.  Thus, defendant is not entitled to *Wende* review in such an appeal.  (See *Serrano,* at pp. 499, 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende* review of the denial of his motion to seal.  Because neither the minor nor his counsel has raised any claim of error in the trial court's denial of the motion, we must dismiss the minor's appeal as abandoned.

3

## DISPOSITION

The appeal is dismissed.


                                                      /s/
                                           Duarte, Acting P. J.


We concur:


       /s/
Hoch, J.


       /s/
Krause, J.