Filed 10/21/21  In re K.K. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re K.K., a Person Coming Under the Juvenile Court Law. | C093926 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.K.,<br><br>Defendant and Appellant. | (Super. Ct. No. JJCJVDE20170001516) |

Appointed counsel for minor K.K. has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119 [*Wende* procedure applies to appeals in juvenile delinquency cases].)  We dismiss the appeal, which is taken from the denial of a postjudgment motion to reconsider his placement.

1

BACKGROUND

After their relationship ended, the minor accused his ex-girlfriend of having sex with other boys. When her parents were out of town, he came to her house and harassed her throughout the night and early morning. He posted digital nude pictures of her on social media sites. Because he threatened to post more photographs if she did not meet with him, she went to his home. While there he called her names, and they fought. The minor repeatedly choked her, threatened to kill her, and refused to let her leave. He forced her to orally copulate him, and he sodomized her. While sodomizing her he continued to call her names and told her he wanted to be sure it hurt her because she deserved it.

The minor admitted the allegations of a Welfare and Institutions Code section 602[1] petition that he committed assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), oral copulation with a person under the age of 18 years (Pen. Code, § 288a, subd. (b)(1)), and sodomy by use of force (Pen. Code, § 286, subd. (c)(2)(A)). The juvenile court declared the minor a ward of the court and committed him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ) for a maximum term of confinement of nine years eight months.

The October 2020 DJJ Annual Review and Updated Individualized Change Plan recommended the minor's continued placement in the facility until October 2021, his projected review board date. Victim restitution had been paid. He had completed portions of his treatment and was working on stage three of his sexual behavior treatment program. His progress was slow and he continued to deflect responsibility, deny his crimes, and was angry and resentful. He had been at stage three for over a year.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

The minor filed a motion to reconsider the order of placement in December 2020. He sought release based on the increase in coronavirus disease (COVID-19) cases in the county and in correctional facilities, and his increased risk of severe COVID-19 related illness because of his history of hypertension and hyperlipidemia. He also noted he had completed more of the Sexual Behavior Treatment Program. The juvenile court denied the motion without prejudice, finding the minor had not stated any change in circumstances as to either him in particular or his health.

The minor filed a renewed motion to reconsider placement in February 2021. The motion asserted the December 2020, DJJ Discharge Consideration Report, indicated the minor would be placed before the DJJ Review Board in March 2021, as he was projected to complete the final stage of his treatment in May 2021. The motion also averred that the treatment team recommended discharge.[2]

The juvenile court held a hearing on the motion, which included victim impact statements from the victim and members of her family, and the parties submitted briefing and argument. The People opposed the motion arguing the minor had not alleged change of circumstances and his DJJ Review Board hearing was scheduled for March 2021, just days after the court's scheduled hearing on the petition. The probation office recommended the minor not be released early. The court also heard testimony from the minor's DJJ clinician, Dr. Irby. Dr. Irby confirmed the minor had completed the Sexual Behavior Therapy Program offered at DJJ.

The juvenile court found the minor had not met his burden to show a change in circumstances so as to warrant a change in placement. Specifically, the court found there was insufficient information presented about any change in his health condition, that he

---

[2] It does not appear these documents were attached to the motion. However, the record suggests the trial court had these documents. They are not included in our record on appeal.

had completed the Sexual Behavior Therapy Program curriculum, earned a high school diploma, and completed some college courses. The court noted, however, that rehabilitation does not end with completion of the program, and the DJJ continued to provide services to the minor to continue his rehabilitation. Accordingly, the court denied the motion.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 499-501 (*Serrano*).)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has previously established a constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Conservatorship of Ben C., supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The right to *Wende* review has also been extended to a minor's first appeal in a delinquency case. (*In re Kevin S., supra*, 113 Cal.App.4th at p. 118.)

The "judgment" in a delinquency proceeding is the dispositional order made after the trial court has found facts establishing juvenile court jurisdiction. (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307-1308; §§ 725, 706.) The appeal before us, although originating in a juvenile delinquency context, is not a first appeal of right from a juvenile proceeding because it is not an appeal from the disposition. (See *Serrano, supra*, 211 Cal.App.4th at p. 501.) While a minor has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§ 800), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an

4

appeal. (See *Serrano,* at pp. 499, 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende* review of the denial of his petition to reconsider the minor's placement at DJJ. The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from the minor. Because neither the minor nor his counsel has raised any claim of error in the trial court's denial of the motion to reconsider, we must dismiss the minor's appeal as abandoned.

DISPOSITION

The appeal is dismissed.

\s\

Blease, Acting P. J.

We concur:

\s\

Robie, J.

\s\

Duarte, J.

5