Filed 2/28/23  Young v. Hill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHELLE C. YOUNG, | C095582 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FS01266) |
| v. | |
| CALVIN D. HILL, JR., | |
| Defendant and Appellant; | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

Calvin D. Hill filed a notice of appeal from an October 26, 2021 order that denied two motions he filed on June 25, 2021.  After reviewing the briefs that were submitted to this court, we have concluded there is no appealable order on which to base the appeal, and an insufficient record on which to predicate review by petition for writ of mandate.  Accordingly, we will dismiss the appeal.

1

# I. DISCUSSION

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Further, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C*. (2004) 124 Cal.App.4th 1303, 1307.)

In his opening brief, Hill asserts his appeal is from a judgment of the superior court and "is authorized by . . . Code of Civil Procedure, § 904.1(a)(3) and (a)(10)."[1] No judgment appears in the record. Rather, Hill appeals from an October 26, 2021 order that states, "Deny objection-requested for enforcement only—New Mexico has Continuing exclusive jurisdiction for modifying if any requested. [¶] This order after hearing includes both motions that were filed on 6/25/21 by [Hill]." The record shows one of the motions Hill filed on June 25, 2021, was a motion to quash service of summons. This motion is in the clerk's transcript on appeal; no other motion is. Similarly, the motion to quash service of summons is the only motion Hill mentions in his opening brief. As such, the appellate briefing has clarified that Hill's appeal is purportedly from an order denying a motion to quash service of summons. Code of Civil Procedure section 904.1, subdivision (a)(3) authorizes, in relevant part, appeals "[f]rom an order *granting* a motion to quash service of summons." (Italics added.) To obtain review of an order *denying* a motion to quash service of summons, a defendant must file a petition for writ of mandate.[2] (Code Civ. Proc., § 418.10, subd. (c).)

---

[1] Code of Civil Procedure section 904.1, subdivision (a)(10) states an appeal may be taken "[f]rom an order made appealable by the Probate Code or the Family Code."

[2] The defendant must file the petition for writ of mandate "within 10 days after service upon him or her of a written notice of entry of an order of the court denying his or her motion, or within any further time not exceeding 20 days that the trial court may for good cause allow." (Code Civ. Proc., § 418.10, subd. (c).) Respondent Sacramento County

Hill did not file a petition for writ of mandate and has not requested treatment of his appeal as a petition for writ of mandate. Respondent Sacramento County Department of Child Support Services argues we should exercise our "discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate." (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366.)[3] We disagree.

In *Olson v. Cory* (1983) 35 Cal.3d 390, before engaging in its analysis of whether the necessary circumstances were present to exercise its power to treat the appeal at issue as a petition for writ of mandate, our Supreme Court explained that the records and briefs before it "include[d] in substance the elements necessary to a proceeding for writ of mandate." (*Id*. at p. 401.) The court continued its discussion by explaining, "Though we thus have power to treat the purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances." (*Ibid*.) Here, the threshold requirement of an adequate record for a proceeding for writ of mandate is unmet. We disagree with the Sacramento County Department of Child Support Services's assertion that the record is sufficient to treat this matter as a writ proceeding. In particular, the record does not include all the documents "submitted to the trial court that are necessary for a complete understanding of the case and the ruling under review." (Cal. Rules of Court, rule 8.486(b)(1)(C).) The record on appeal is notably devoid of the document that originated the underlying proceeding. Thus, the record is insufficient to understand what the underlying proceeding is. Hill argues the issue raised by his appeal is whether, after the remarriage of divorced parents, either may enforce against the other child support

---

Department of Child Support Services filed a request for judicial notice related to its assertion that Hill's appeal is timely. We deferred decision on this request pending calendaring and assignment of the panel. Because we are dismissing the appeal as from an unappealable order, we need not address its timeliness. Therefore, we now deny the request for judicial notice as unnecessary to our disposition of this appeal.

[3] Respondent Michelle Young did not file a respondent's brief.

orders made in prior divorce proceedings.  The argument portion of his brief contains no record citations and thus does not support this assertion.  Moreover, the issue Hill asserts is raised by his appeal was not raised in his motion to quash service of summons.  The record on appeal does not include any opposition to that motion or any indication whether any opposition was filed.  The fact the record does not include the other motion filed by Hill on June 25, 2021, is also significant.  If, as the order and Hill's argument on appeal indicates, Hill did not limit his objections at the hearing to matters of jurisdiction and opposed the prayers for relief—whatever they may have been—on the merits, he submitted to the court's jurisdiction by making a general appearance and the court properly denied his motion to quash service.[4]  (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9.)  The record in this case is simply insufficient to understand the case and the ruling on review.  Accordingly, we will not treat this appeal from a nonappealable order as a petition for writ of mandate.

---

[4]  There was no court reporter present at the August 16, 2021 and October 25, 2021 court hearings, and thus no reporter's transcript is part of the record on appeal.

## II.  DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.

/S/

RENNER, Acting P. J.

We concur:

/S/

EARL, J.

/S/

BOULWARE EURIE, J.