Filed 6/30/23  P. v. Wells CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH WELLS,<br><br>        Defendant and Appellant. | A166190<br><br>(Solano County<br>Super. Ct. No. VCR 164967) |

In 2005, a jury convicted defendant Joseph Wells of first degree murder, with an accompanying enhancement under Penal Code[1] section 12022.53, subdivision (d) (section 12022.53(d)), for personally and intentionally discharging a firearm causing the victim's death.  The trial court sentenced him to 50 years to life in prison, and this division affirmed the judgment.  (Peoplev. *Wells* (Feb. 14, 2007, A112173) [nonpub. opn.] (*Wells I*).)

In 2019, Wells filed a petition for resentencing under former section 1170.95, now section 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats.2018, ch. 1015).  The following year, we affirmed the trial court's denial of the petition on the basis that the section 12022.53(d) enhancement

---

[1] All further statutory references are to the Penal Code.

1

constituted a finding that he was the actual killer, meaning he was not entitled to relief as a matter of law. (*People v. Wells* (May 14, 2020, A158639) [nonpub. opn.] (*Wells II*).)

Wells now appeals from a trial court order dismissing his second petition for resentencing under Senate Bill No. 1437. His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave Wells notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Delgadillo*, at pp. 231–232.)

Wells filed a letter in which he claims he is entitled to an evidentiary hearing under section 1172.6, subdivision (d), because the section 12022.53(d) enhancement does not render him ineligible for relief. But our review of the jury instructions, which were not before the trial court, reveals that the only theory of first degree murder on which the jury was instructed was premeditated murder. These instructions demonstrate that Wells was not convicted under any theory of imputed malice abolished by Senate Bill No. 1437. Thus, even assuming Wells is not precluded from challenging our holding in *Wells II*, any error in the petition's dismissal was necessarily harmless. Accordingly, we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND[2]

"Wells was charged with one count of first degree murder and various firearm enhancements based on the 2001 killing of Michael Yokoi. [Fn.

---

[2] We quote the facts and procedural history involving Wells's conviction and direct appeal from *Wells II*, which in turn drew them from *Wells I.*

2

omitted.]  The evidence presented at trial showed that Wells and another man, Michael Sinay, who were dating the same woman, 'engaged in an escalating series of confrontations involving threats, violence, and property damage, most of which were initiated by [Wells].'  In December 2001, two days after Sinay and Yokoi, a friend of Sinay's, smashed the windows of Wells's vehicle, Yokoi was shot to death while standing outside Sinay's Vallejo home.  Based on the testimony of various witnesses, a man dressed in dark clothing and a beanie shot Yokoi.  The man then got into a dark Mustang with plates from ' "Nino's" dealership' and drove away.  Four hours before the murder, Wells was recorded on a store security camera wearing 'a black beanie, black shirt, and black pants.'  He had bought 'a blue Mustang convertible from Nino's Motors' a few weeks earlier, and cell phone data showed that his phone was in Vallejo around the time of the murder.

"The jury convicted Wells of first degree murder and found the firearm enhancements true, including the enhancement under section 12022.53(d) for 'personally and intentionally discharg[ing] a firearm and proximately caus[ing] . . . death.'  The trial court sentenced him to a term of 25 years to life for the murder and a consecutive term of 25 years to life for the personal and intentional discharge of a firearm.  Wells appealed, and we affirmed the judgment in 2007."

In July 2019, Wells filed his first petition for resentencing, averring that he was convicted of first degree murder on a theory of felony murder and was eligible for relief because he was not the actual killer and did not aid and abet the actual killer with an intent to kill.  Without appointing counsel, the trial court summarily denied the petition, concluding that the section 12022.53(d) enhancement established as a matter of law that Wells was the actual killer and therefore ineligible for relief.

3

Wells appealed, initiating *Wells II*, and his appointed appellate counsel filed a no-issues brief.  Wells filed a supplemental brief arguing that there was a second shooter who was the actual killer.  He attached documents from a previous habeas corpus proceeding showing that the prosecutor conceded there was another, unknown shooter, although the prosecutor also took the position that Wells was the person who shot the fatal bullets.  In our opinion, we stated, "Even if there [was] a theoretical possibility that someone else killed Yokoi, we are not free to disregard the jury's finding that Wells personally and intentionally discharged a firearm causing death, which constitutes an implicit finding that he was the actual killer."  We concluded that in turn, he could not demonstrate that he could no longer be convicted of murder after Senate Bill No. 1437.

In early 2022, Wells submitted the resentencing petition at issue.  He averred that the charging document "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime," and that he "could not presently be convicted of murder . . . because of changes made [by Senate Bill No. 1437]."  In an accompanying declaration, he stated that he was not the actual killer, and he reviewed evidence supporting that conclusion.  He also argued that "the [j]ury was allowed to impute [m]alice" in convicting him of first degree murder.

The trial court appointed an alternate public defender to represent Wells, but based on a conflict of interest, a private attorney was substituted.  Meanwhile, the prosecution filed a response to the resentencing petition stating that Wells failed to make a prima facie showing of eligibility for relief under section 1172.6, based on the trial court's previous ruling that he was

4

the actual killer. An "in-chambers criminal minute order" of a proceeding that was not reported reflects that on August 11, 2022, both counsel "stipulate[d] to vacate" the next hearing date, as "[d]efense counsel found that there was no viable basis for the [section] 1172.6 petition." The order also said the petition was dismissed "without prejudice."

Shortly after dismissing Wells's resentencing petition, the trial court received his *Faretta*[3] motion for self-representation based on a claimed conflict of interest with the private attorney. In an August 17, 2022 memo to staff, the court directed that a letter be sent to Wells informing him that his attorney and the prosecutor had "agreed to dismissal of [the] petition," and the *Faretta* motion was therefore moot. The following day, the court entered an order formally denying that motion as moot and reiterating that it had "dismissed [Wells's] petition for resentencing without prejudice."

## II.
### DISCUSSION

*A.     Senate Bill No. 1437 and Section 1172.6*

"Effective January 1, 2019, Senate Bill [No.] 1437 amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless the defendant "was a major participant in the underlying felony and acted

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also enacted former section 1170.95, now section 1172.6, which provides a procedure for eligible defendants to petition for resentencing. Under the current statute, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" as long as three requirements are met: (1) the charging document allowed the prosecution to proceed under a theory of felony murder, murder or attempted murder under the natural and probable consequences doctrine, or other theory of imputed malice; (2) the petitioner was convicted of murder, attempted murder, or manslaughter; and (3) the petitioner could not presently be convicted of the crime after Senate Bill No. 1437's changes to the law. (§ 1172.6, subd. (a).)

Upon receiving a facially sufficient petition alleging that all three requirements are met and requesting counsel, the trial court must appoint counsel, permit the parties to submit briefing, and "hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause" and hold an evidentiary hearing on whether the petitioner is guilty of murder or attempted murder beyond a reasonable doubt. (§ 1172.6, subds. (b)(3), (c)–(d); *People v. Lewis* (2021) 11 Cal.5th 952, 957.) "If the court declines to make an order to show

6

cause, it shall provide a statement fully setting forth its reasons for doing so."
(§ 1172.6, subd. (c).)

> B.     *The Order at Issue Is Appealable Even Though the Dismissal Was "Without Prejudice."*

Initially, we address whether the order dismissing Wells's resentencing petition is appealable. "We raise[] this question on our own motion because a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) We conclude that even though the trial court purported to dismiss the petition without prejudice, Wells could appeal from the order.

Generally, an order is not appealable unless made so by statute. (*In re Mario C.*, *supra*, 124 Cal.App.4th at p. 1307.) Under section 1237, subdivision (b), a criminal defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Arguably, the order dismissing the resentencing petition did not affect Wells's substantial rights because it was "without prejudice" to his filing another petition. (See *People v. Cress* (2023) 87 Cal.App.5th 421, 425 [dismissal of section 1172.6 petition without prejudice permitted defendant to refile it].)

A trial court's "characterization of its own order . . . is not controlling," however. (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 768.) Rather, the question is whether the ruling was in fact on the merits. (*Ibid.*; *Guenter v. Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465.) Counsel for Wells took the position below that the petition had "no viable basis," suggesting the dismissal was not based on a mere procedural deficiency. Indeed, given this statement, it is unclear that the trial court and parties contemplated that Wells could simply refile the petition. Moreover, Wells's *Faretta* motion suggests that he did not agree with his counsel's assessment of the petition's

7

merits.  In short, based on this record, we are unable to conclude that the order dismissing the petition did not affect Wells's substantial rights. Accordingly, it was appealable.

###### C.    *Wells Is Ineligible for Relief Under Section 1172.6. Because He Was Convicted of Premeditated Murder.*

Wells's primary claim is that the section 12022.53(d) enhancement does not establish that he was the actual killer, meaning that he was entitled to an evidentiary hearing on his eligibility for relief.  In *Wells II*, we held that the enhancement *did* amount to a finding that he was the actual killer. Thus, the law of the case doctrine would normally bar him from raising this argument.  (See *People v. Jurado* (2006) 38 Cal.4th 72, 94.)

Nonetheless, we elect to address the claim on the merits.  In the original resentencing petition, Wells alleged only that he was convicted of felony murder, but in the current petition, he also alleges that he was convicted under the natural and probable consequences doctrine or some other theory under which malice was imputed to him.  At least one court has held that a section 12022.53(d) enhancement, standing alone, does not preclude the possibility that a defendant was convicted under the natural and probable consequences doctrine.  (*People v. Offley* (2020) 48 Cal.App.5th 588, 598–599.)  And given the evidence that another person was involved in Yokoi's murder, we do not think it is prudent to attempt to resolve Wells's claim based solely on the jury's verdict.

Rather, to provide certainty, we have consulted the jury instructions from Wells's trial, which were not part of the record before the trial court when it decided either resentencing petition.[4]  The only theory of first degree

---

[4] On our own motion, we take judicial notice of the appellate record in *Wells I*, which includes the jury instructions given at trial.  (See Evid. Code, § 452, subd. (d).)

murder on which the jury was instructed was willful, deliberate, and premeditated murder under CALJIC 8.20. The jury was also instructed under CALJIC 8.30 that murder with malice aforethought is second degree murder if there is insufficient evidence of deliberation and premeditation. No instructions on felony murder, aiding and abetting liability based on the natural and probable consequences doctrine, or any other theory of vicarious liability were given.

Thus, even if the jury's finding on the section 12022.53(d) enhancement alone did not preclude relief, Wells is nonetheless ineligible for resentencing as a matter of law because he was not "*convicted of* felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), italics added.) Although Wells states that he is innocent, section 1172.6 does not provide a mechanism for relitigating what the jury already found beyond a reasonable doubt—that he committed premeditated murder. (See *People v. Clayton* (2021) 66 Cal.App.5th 145, 157 [noting other procedures for raising claim of factual innocence and concluding the Legislature intended "to honor prior jury findings" in former section 1170.95 proceedings].)

Because Wells is categorically ineligible for relief under section 1172.6, any error in the trial court's disposition of his resentencing petition was necessarily harmless. (See, e.g., *People v. Lewis*, *supra*, 11 Cal.5th at pp. 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95].) As a result, we reject Wells's remaining claims, including that the private attorney had a conflict of interest. For the same reason, having exercised our discretion to independently review the record,

9

we do not perceive any arguable issues.  (See *People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

## III.
### DISPOSITION

The August 11, 2022 order dismissing Wells's petition for resentencing is affirmed.

10

 

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*People v. Wells*  A166190

11