Filed 8/30/23  Givan v. Givens CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CLIFFORD GIVAN et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>DERMOT GIVENS,<br><br>        Defendant and Appellant. | A166382<br><br>(Alameda County<br> Super. Ct. No. 21CV001443) |

Defendant Dermot Givens filed a notice of appeal from an order denying his motion to quash service of summons.  After reviewing the briefs and the record submitted to this court, we have concluded there is no appealable order on which to base the appeal and an insufficient record on which to predicate review by petition for writ of mandate.  Accordingly, we will dismiss the appeal.

## I.  BACKGROUND

Plaintiffs filed a first amended complaint against defendant, in his individual capacity and as trustee of "The 'Ruth' Given/Ida Jackson Revocable Living Trust," alleging two causes of action for quiet title and intentional misrepresentation.  Plaintiffs claim Ida Jackson owned two parcels of real property, and upon Jackson's death, each should have received one parcel.  However, plaintiffs allege defendant filed a petition pursuant to

Probate Code section 17200[1] in Los Angeles County Superior Court, presenting the court with "an updated 'Trust' with a fraudulent notary page." The petition was granted, but six months later, a motion to set aside void order was granted. Plaintiffs further allege defendant took out loans on the two parcels, in excess of $420,000. As a direct and proximate result of defendant's unlawful acts, the complaint asserts, plaintiffs have been deprived of their ownership rights to their respective properties, their properties are no longer free of lien, and they have incurred costs and fees to bring this action.

From what we have been able to piece together from the record, a proof of service of summons on defendant, as an individual, was filed on February 18, 2022. Thereafter, pursuant to an order filed on March 23, 2022, the trial court denied a motion for change of venue "filed by Dermot Givens on 01/05/2022." Defendant, on June 1, 2022, filed a motion to quash service of complaint. The court denied the motion, concluding defendant made a general appearance when he "filed a motion to transfer venue on January 5, 2022." "Having previously submitted to the Court's jurisdiction," the court concluded defendant "waived his right to claim jurisdictional defenses."

## II. ANALYSIS

Defendant contends the trial court erred in denying his motion to quash service of summons because in its order, the trial court found Dermot Givens, an individual defendant, had made a general appearance and submitted to the jurisdiction of the court by filing the motion to transfer venue.

---

[1] Probate Code section 17200 allows a trustee or beneficiary of a trust to "petition the court concerning the internal affairs of the trust or to determine the existence of the trust."

2

This was error, according to defendant, as the court "never distinguished or identified whether Dermot Givens, Trustee or Dermot Givens, an individual filed the motion to transfer venue on 1/5/22." Without citation to the record, defendant appears to argue he filed the motion for change of venue only in his capacity of trustee, indicating "[t]he upper left hand corner of the motion designated[] Dermot Givens, Trustee, as the party that was filing the motion." In addition, he asserts (1) the motion does not mention nor seek any relief by him as an individual defendant; (2) the notice of motion was signed by " 'Dermot Givens Attorney for Givan/Jackson Trust,' " on behalf of the trustee; (3) the supporting declaration was submitted by Dermot Givens, attorney for the trustee, and did not mention an individual defendant; (4) the motion has one signature, that of Dermot Givens; (5) the motion was verified by " 'Dermot Givens' " without any further identification; (6) the "text identification on a signature line" identifying Dermot Givens does not prove Dermot Givens, an individual, filed the motion; and (7) only one filing fee was paid by "the filer of the motion to change venue." Since he never filed the motion for change of venue in his individual capacity, defendant maintains, he never made a general appearance as an individual, and as a result, rather than denying the motion, the court should have held an evidentiary hearing on his motion to quash service of summons.

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Further, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.)

3

In their respondents' brief, plaintiffs assert the denial of a motion to quash service of process is not appealable.  We agree.

Code of Civil Procedure section 904.1, subdivision (a)(3) authorizes, in relevant part, appeals "[f]rom an order *granting* a motion to quash service of summons."  (Italics added.)  To obtain review of an order denying a motion to quash service of summons, however, a defendant must file a petition for writ of mandate.  (Code Civ. Proc., § 418.10, subd. (c).)

Defendant did not file a petition for writ of mandate and has not requested treatment of his appeal as such.  We decline to treat defendant's appeal as a petition for writ of mandate.

In *Olson v. Cory* (1983) 35 Cal.3d 390, before engaging in its analysis of whether the necessary circumstances were present to exercise its power to treat the appeal at issue as a petition for writ of mandate, our Supreme Court explained that the records and briefs before it "include[d] in substance the elements necessary to a proceeding for writ of mandate."  (*Id.* at p. 401.)  The court continued its discussion by explaining, "Though we thus have power to treat the purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances."  (*Ibid*.)

Here, unlike in *Olson*, the threshold requirement of an adequate record for a proceeding for writ of mandate is unmet.  In particular, the record does not include all the documents "submitted to the trial court that are necessary for a complete understanding of the case and the ruling under review."  (Cal. Rules of Court, rule 8.486(b)(1)(C).)  The record on appeal is notably devoid of defendant's motion for change of venue and plaintiffs' opposition thereto.  Moreover, the argument portion of defendant's brief contains no record citations to these documents.  These omissions are significant to our review because the trial court determined defendant made a general appearance when he filed his motion for change of venue.  Although defendant maintains

4

he filed the motion in his capacity as trustee and not in his individual capacity, the record is insufficient to evaluate defendant's claim that he did not make a general appearance, which would have required the court to rule on the substance of his motion to quash service of summons.

Accordingly, because the record is insufficient, we decline to treat this nonappealable order as a petition for writ of mandate.[2]

## III. DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal.

---

[2] We express no opinion regarding the timeliness of filing a petition for writ of mandate.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BOWEN, J.*

A166382
*Givan v. Givens*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.