Filed 3/8/24  In re B.M. CA4/2
*See Dissenting Opinion*

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E082061 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1301366) |
| v. | OPINION |
| B.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Petersen, Judge.  Dismissed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant B.M. (minor) admitted an allegation that she had committed first degree murder. On July 1, 2021, the juvenile court declared minor a ward of the court. The court committed her to the Pathways to Success program in the County's Youth and Treatment Education Center (YTEC) facility, with a maximum length of confinement of 25 years to life, her wardship to terminate at age 25.[1] (*B.M.*, *supra*, E077473.)

On June 28, 2023, at a six-month review hearing, the juvenile court adopted the recommendations in the Riverside County Probation Department's memorandum; the court ordered minor placed in a less restrictive setting within the YTEC building. On August 9, 2023, the court effectively denied minor's counsel's motion that minor had been deprived of credits and a less restrictive placement due to equal protection violations.

After minor's counsel filed a notice of appeal,[2] this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738,[3] setting forth a statement of the

---

[1] We take judicial notice of our prior opinion from B.M.'s appeal from the original judgment (*In re B.M.* (May 11, 2022, E077473) [nonpub. opn.]). (Evid. Code, § 459.)

[2] Minor appeals the court's orders of June 28, Jul 31, and August 9, 2023. The court did not issue an order on July 31, 2023; instead, the court continued the matter and issued its ruling on August 9, 2023.

[3] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from postjudgment motions. (*Delgadillo*, at pp. 224-226; *People v. Serrano* (2012) 211

*[footnote continued on next page]*

2

case, requesting that we independently review the record, and identifying four potentially arguable issues:  (1) whether the juvenile court abused its discretion in denying minor's motion for modification of the disposition order entered on June 28, 2023, including whether the necessary placement findings were supported by substantial evidence; (2) whether continued placement of minor at the YTEC building violates her right to equal protection; (3) whether the juvenile court erred in denying minor's request for modification of her conduct credits; and (4) whether minor is entitled to precommitment custody credits against her baseline term.

We gave defendant the opportunity to file a personal supplemental brief.  We noted that if she did not do so, we could dismiss the appeal; nevertheless, she has not filed one.  Under these circumstances, we have no obligation to independently review the record for error.  (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.)  Rather, we dismiss the appeal.  (*Id*. at pp. 231-232.)

Cal.App.4th 496, 499-501 [*Wende* review extends only to the first appeal of right from a criminal conviction]; *In re Mario C*. (2004) 124 Cal.App.4th 1303, 1307-1308 [The judgment in delinquency proceedings is the dispositional order made after the trial court has found a minor a ward of the court.]; *In re Kevin S*. (2003) 113 Cal.App.4th 97, 119 [*Wende* procedures apply to a minor's first appeal in juvenile delinquency cases].)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

I concur:

CODRINGTON _____
         J.

[*In re B.M.; P. v. B.M.*, E082061]

RAMIREZ, P. J., Dissenting.

I respectfully dissent. Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief and defendant did not file a supplemental brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*).) As general practice, I believe that discretion should be exercised to conduct an independent review in such cases for the reasons set forth in *People v. Griffin* (2022) 85 Cal.App.5th 329, 333-337.

In this case, independent review of the record by this court is particularly appropriate. Upon receipt of appointed appellate counsel's no-issues brief submitted on behalf of defendant, the clerk of this court sent to defendant a "*Delgadillo* notice." That notice cited *Delgadillo,* and correctly informed defendant (i) that this court is not required to conduct an independent review of the record in appeals from postconviction proceedings, and (ii) that failure to timely file a supplemental brief may result in dismissal of his appeal as abandoned.

The brief filed by defendant's counsel and served on defendant, however, does not mention *Delgadillo*. It instead states (i) that defendant's request for independent review by this court of the record on appeal is made pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, and (ii) that "[c]ounsel advised [defendant] of her right to an independent record review by this court pursuant to *Wende.*" Counsel's declaration avers that counsel advised defendant "of the nature of

1

this brief." Counsel also informed defendant of her right to file a supplemental brief but there is no indication in counsel's declaration that counsel explained to defendant that this court is not required to independently review the record and that failure to file a brief might result in dismissal of her appeal as abandoned.

There is an important distinction between the procedures afforded by reviewing under *Anders/Wende* and those employed pursuant to *Delgadillo.* Under *Anders/Wende*, independent review by the reviewing court occurs automatically, irrespective of whether a defendant files a supplemental brief; under *Delgadillo*, record review is discretionary and, if the defendant does not file a supplemental brief, the reviewing court may simply issue an order dismissing the appeal as abandoned. (*Delgadillo*, *supra*, 14 Cal.5th 232-233.) When the *Delgadillo* procedures apply to an appeal but the reviewing court's notice to a defendant of the right to file a supplemental brief refers only to *Anders* and *Wende*, the notice may be suboptimal if the defendant could reasonably have concluded that the court would independently review the record even absent a supplemental brief. (*Delgadillo*, at pp. 232-233.)

In this case, this court properly sent a *Delgadillo* notice to defendant, but it is reasonably probable that defendant was confused by, or even relied upon, the incorrect information provided by her counsel that the *Anders/Wende* procedures apply to her appeal. In the circumstances, I think it particularly important for this court to conduct an independent review of the record on appeal.

RAMIREZ            
P. J.

2