Filed 3/22/24  In re B.M. CA4/2
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E082061 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1301366) |
| v. | OPINION |
| B.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Petersen, Judge.

Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

1

On June 28, 2023, at a six-month review hearing, the juvenile court adopted the recommendations in the Riverside County Probation Department's (probation) memorandum; the court ordered defendant and appellant (minor, born April 2002) placed in a less restrictive setting within Riverside County's Youth and Treatment Education Center (YTEC) facility. On August 9, 2023, the court effectively denied minor's counsel's motion contending that minor had been deprived of credits and a less restrictive placement due to equal protection violations.[1]

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738,[2] setting forth a statement of the case, requesting that we independently review the record, and identifying four potentially arguable issues: (1) whether the juvenile court abused its discretion in denying minor's motion for modification of the disposition order entered on June 28, 2023, including whether the necessary placement findings were supported by substantial evidence; (2) whether continued placement of minor at the YTEC building violates her right to

---

[1] Minor appeals the court's orders of June 28, July 31, and August 9, 2023. The court did not issue an order on July 31, 2023; instead, the court reserved the matter and issued its ruling on August 9, 2023.

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from postjudgment motions. (*Delgadillo*, at pp. 224-226; *People v. Serrano* (2012) 211 Cal.App.4th 496, 499-501 [*Wende* review extends only to the first appeal of right from a criminal conviction].) No published decision has expressly held that *Delgadillo* applies to postjudgment juvenile delinquency appeals. Nonetheless, we note that in *In re Kevin S.* (2003) 113 Cal.App.4th 97, 118-119, the court held that *Wende* procedures only apply to a minor's appeal *from the judgment* in juvenile delinquency cases. (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307-1308, [The judgment in delinquency proceedings is the dispositional order made after the trial court has found a minor a ward of the court.].)

equal protection; (3) whether the juvenile court erred in denying minor's request for modification of her conduct credits; and 4) whether minor is entitled to precommitment custody credits against her baseline term.

We offered minor the opportunity to file a personal supplemental brief, which she has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Minor committed matricide by lighting her mother's home on fire. Minor admitted an allegation that she had committed first degree murder. On July 1, 2021, the juvenile court declared minor a ward of the court. The court committed her to the Pathways to Success (pathways) program in the YTEC facility, with a maximum length of confinement of 25 years to life, her wardship to terminate at age 25.[3] (*B.M.*, *supra*, E077473.)

Minor appealed. On May 11, 2022, this court affirmed the judgment. (*B.M.*, *supra*, E077473.)

In a review memorandum filed March 24, 2023, probation noted that minor failed to earn full baseline term credits due to various issues in failing to complete her educational coursework. Nevertheless, probation recommended minor "be continued a ward of the Court and modify her commitment order to a less restrictive setting within" YTEC.

---

[3] We take judicial notice of our prior opinion from minor's appeal from the judgment (*People v. B.M.* (May 11, 2022, E077473) [nonpub. opn.]). (Evid. Code, § 459.)

On April 14, 2023, probation filed a memorandum noting that minor had "taken accountability for her offense, provided insight, and ha[d] shown remorse for her actions." She had completed numerous programs, was an active participant in therapy, and was "attentive and open during sessions, complete[d] required assignments, and [was] willing to implement new skills learned during sessions." Probation opined that a less restrictive placement "would benefit [minor] from small increments of reintegration into the community." "It is hoped this will provide [minor] a more successful reintegration into the community upon completion of her baseline term."

On April 26, 2023, minor's counsel filed a brief requesting minor be assigned to a less restrictive placement. Minor's counsel argued that the court should award minor the maximum baseline credits for the reporting period because minor's failure to complete her courses was due to lockdowns on her unit, which did not occur in the male facility. Minor's counsel also contended probation's recommendation that minor be reassigned to a less restrictive placement within the YTEC facility was insufficient because "[s]he would face the same program dis[]ruptions that have been escalating since probation combined all female juvenile detainees in the single . . . unit within the YTEC facility . . . ."

On June 27, 2023, probation filed another review memorandum in which they continued to recommend minor's reassignment to a less restrictive environment within YTEC; however, probation noted minor required "a slow progression into the community to allow for working through triggers and [probation's] provis[ion] [of] support."

"[C]onsidering the tremendously violent and calculated offense that placed her here and with more than a year remaining in her program, there is no need to jump in the deep end at this time. As she progresses through outings and eventually furlough, this can be considered." Probation noted minor had failed to earn additional credits due to various additional issues completing her educational coursework.

On June 27, 2023, minor's counsel filed a supplemental brief in which he argued that probation's placement of minor in YTEC violated her constitutional right to due process because "Riverside does not maintain equivalent facilities for females and males." Male minors in Riverside were placed in different units based on their level of detention, while female inmates were all placed in the same facility. Minor's "intermingling with detention females, has caused a disruption in programming." "Additionally, male youth . . . have been released into the community without being 'stepped down' to YTEC for another . . . two years of custody." Minor "has received disparate treatment on the basis of her sex, [due to] her commitment . . . [which] violates equal protection under both the California and United States Constitutions."

Minor "respectfully requests that she be stepped down, and released with an ankle monitor to an outside facility . . . or to her family once the court can be assured that it is a safe and healthy environment. In the alternative, she requests that this court order probation allow her to take college courses in person."

At the hearing on June 28, 2023, the court placed minor in a less restrictive setting within the YTEC facility but continued the matter for a hearing on minor's motion.

On July 27, 2023, the People filed a bench memorandum regarding minor's reassignment to a less restrictive placement arguing that minor's placement did not violate her rights to equal protection.

At a hearing on July 31, 2023, the division director of pathways (director) testified that if minors "participate in education, then they'll receive more time toward their baseline confinement time. So it is an incentive. If you participate in education, then you will . . . earn time towards your baseline confinement time." If a minor is "getting bad grades because they're not actually participating or doing the work that they're supposed to be doing, that would be a reason why they would not earn baseline credit . . . ." When it was brought to the director's attention that minor was having problems with her academics, probation provided minor with a tutor and expanded time with a laptop. The director opined it would be premature to release minor into the community, which would include taking college courses in person.

Minor was the only girl in pathways. "If we were to separate the female Pathway individual, it would be detrimental to her to be programmed alone or detrimental to be programmed with the males."

Boys housed at either YTEC or pathways were not receiving outings and furloughs. Juveniles committed to pathways are not allowed furloughs, while those in YTEC are. The boys referred to in minor's motion had been adjudicated to lesser offenses than minor's; none of them had been adjudicated for murder. "All males actually served their full time in the secured treatment facility in Pathways and then were

6

released [when] they hit baseline[.]  None of them were stepped down as a result of good performance the same way [minor] ha[d] been."

Minor testified she was "not getting enough time to work on [her] school programs . . . ."  Detention and staffing issues were disrupting her program.

Minor's counsel argued minor should have received baseline credit for 15 additional days.  "My client is being discriminated against, your Honor, because the boys are immediately released into the community without a downgrade."

The court responded, "Maybe I'm missing something, but the evidence that I heard . . . was that all the boys were released because they ran out of the baseline term.  They ran out.  There's no time left.  We couldn't hold them longer."  "[H]ow [is] your client . . . being discriminated against when she is being granted the stepdown and the boys were not[?]  It almost seems to be a flip argument that the boys should be in here complaining because they didn't get the stepdown."

The People argued, "the evidence does show . . . that when [minor] finally brought it to their attention, they provided her with a tutor, they gave her more laptop time, and they tried to help her, and she still failed the class."  Probation noted they allowed minor to have late night schooling, but minor did not always utilize the time afforded her and, on some occasions, refused to go to school entirely.

The People further argued, "As the Court pointed out, . . . if there is a discrepancy between the boys and girls, [minor] has actually benefitted by it.  She hasn't been

discriminated by it. She's getting a benefit the boys didn't get which is before her baseline is up, she's getting a stepdown." The court took the matter under submission.

At a hearing on August 9, 2023, the court found "that the minor has been placed in a least restrictive setting as of June 28th of 2023." "I do not find there have been any violations of the law. I find that Probation is in compliance, and I do not believe there are any issues that would cause this Court to change or modify its prior decision." "I am going to deny any modification to my prior order. I don't want to call it a denial of [minor's] motion because she is entitled to least restrictive setting. It's just my view that it's being followed. So I'm going to deny any modification as to that."

## II. DISCUSSION

Whether we are required to independently review the record for potential error, we have exercised our discretion to do so and find no arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232; *People v. Griffin* (2022) 85 Cal.App.5th 329, 335-336 ["[W]e find the interests of justice call for an independent review of the record as an additional layer of protection from the risk of a defendant remaining unlawfully incarcerated because of a failure to discover a meritorious issue in his or her appeal."].)

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER           

J.

We concur:

RAMIREZ         

P. J.

CODRINGTON     

J.