Filed 2/10/25  P. v. Tweedy CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FERONE LAWRENCE TWEEDY,<br><br>Defendant and Appellant. | B335999<br><br>(Los Angeles County<br>Super. Ct. No. YA033017) |

APPEAL from an order of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Appeal dismissed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION[1]

Defendant Ferone Lawrence Tweedy appeals from the trial court's order denying his motion to resentence him under Penal Code[2] section 1172.1. Tweedy also asks us to replace his appointed appellate counsel. We deny Tweedy's request to substitute counsel. We also dismiss the appeal for lack of jurisdiction.

## A. Procedural Background

We summarize only those aspects of the procedural history that are pertinent to our disposition of this appeal.

In April 1998, a jury found Tweedy guilty of one count of second degree robbery, in violation of section 211. In May 1998, the trial court sentenced Tweedy to an aggregate prison term of 26 years to life, which consists of a term of 25 years to life pursuant to the "Three Strikes" law[3] and a consecutive one-year enhancement pursuant to section 12022, subdivision (b)(1). We affirmed the judgment in an unpublished opinion.[4]

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ." (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory citations are to the Penal Code.

[3] The Three Strikes law is codified in section 667, subdivisions (b) through (j) and section 1170.12. (See *People v. Carmony* (2004) 33 Cal.4th 367, 370–371.)

[4] We, sua sponte, take judicial notice of our prior opinion affirming the judgment. (Evid. Code, §§ 452, subd. (d), 459.) We also take judicial notice of our unpublished opinion from case No. B248826, wherein we described the procedural history of this

2

On November 27, 2023, Tweedy filed a motion in pro per, seeking to modify his sentence pursuant to section 1172.1,[5] and requesting that the trial court conduct an evidentiary hearing and appoint counsel to represent him at that hearing.  On January 3, 2024, the trial court summarily denied Tweedy's motion for lack of jurisdiction.  Tweedy timely appealed the trial court's order.

On September 25, 2024, we appointed counsel for Tweedy.  On December 2, 2024, Tweedy's appointed counsel filed a brief in which counsel identified no issues for our review.  Accompanying this brief was a declaration from counsel indicating counsel had sent a copy of his brief and the appellate record to Tweedy.  On December 3, 2024, the court clerk informed Tweedy he could submit supplemental briefing.  Tweedy filed a supplemental brief on January 6, 2025.

## B.    Discussion

Generally, when, as here, a defendant appeals from the denial of postconviction relief and appointed appellate counsel files a brief raising no issues, we do not review the record

_____

case in the course of affirming an order denying Tweedy's petition to recall his sentence under section 1170.126.

[5] As we explain in Discussion, part 2, *post*, when Tweedy filed his motion, section 1172.1, subdivision (a)(1) provided in relevant part:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation[,] . . . the court may, within 120 days of the date of commitment on its own motion, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."

3

independently to determine whether there are any arguable issues on appeal.[6] (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–226.) Rather, we "evaluate the specific arguments presented in" the defendant's supplemental brief. (See *id.* at p. 232.)

In his supplemental brief, Tweedy asks us to (1) appoint new counsel to represent him on appeal and (2) reverse the trial court's order denying his motion. For the reasons set forth below, we deny Tweedy's request to substitute appointed counsel and conclude that Tweedy fails to establish we have appellate jurisdiction.

1. *We deny Tweedy's request to substitute his appointed appellate counsel*

Tweedy maintains we should "remov[e] . . . [his] current appointed attorney . . . due to" counsel's "substandard performance . . . ." Specifically, Tweedy seems to argue his appointed counsel (1) erroneously cited *Delgadillo* in the appellate brief, a decision that Tweedy claims "has absolutely nothing to do with . . . [this] case"; (2) mistakenly suggested in the brief that Tweedy was "trying to appeal his conviction"; and (3) "never inform[ed] or discuss[ed]" section 1172.1 or the "details of th[is] appeal" with Tweedy. (Some capitalization omitted.)

Tweedy fails to show appointed counsel has not provided adequate representation. First, as explained at the outset of our Discussion, the *Delgadillo* procedures apply to this case. Second,

---

[6] Tweedy's appellate counsel asks us to exercise our discretion to review the record independently. We decline to do so. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*) [holding that the decision to review the record independently is a matter "wholly within the [Court of Appeal's] discretion"].)

4

counsel did not claim that Tweedy was appealing his underlying conviction. Third, counsel did not render inadequate performance by following the procedure articulated by our high court in *Delgadillo*, to wit, "fil[ing] a brief informing the court of [his] determination" there exists "no arguable issues to be pursued on appeal . . . ." (See *Delgadillo, supra,* 14 Cal.5th at p. 231.) *Delgadillo* did not hold that appointed counsel must advise his client of the applicable law and the facts relevant to the case before filing a no merit brief.[7] (See *Delgadillo*, at pp. 231–233 [prescribing the procedures applicable to "postconviction appeals where counsel finds no arguable issues"].) We thus decline to substitute appointed counsel.

> 2. *Tweedy fails to demonstrate we have jurisdiction to review the trial court's order denying his motion*

When Tweedy filed his motion on November 27, 2023, section 1172.1, subdivision (a)(1) provided in pertinent part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation[,] . . . the court may, within 120 days of the date of commitment on its own motion, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (Stats. 2022, ch. 58, § 9 [filed with the Sec'y of

---

[7] Tweedy does not contest his counsel's declaration testimony that counsel "advised [Tweedy] of his right to file a supplemental brief on his own behalf" and "sent [Tweedy] the two volumes of transcripts representing the record on appeal[ ] and a copy of [counsel's appellate] brief."

5

State on June 30, 2022]; see also *id.* § 47 [providing that the legislation took effect on the date of enactment].)

In its January 3, 2024 order denying Tweedy's motion, the trial court found that because section 1172.1, subdivision (a)(1) permitted "a court [to] recall a sentence only within 120 days of the original commitment," the court "lack[ed] jurisdiction to act upon [Tweedy's] request."

We acknowledge that an amendment to section 1172.1 went into effect on January 1, 2024, that is, after Tweedy filed his motion but before the trial court ruled on it. (See Stats. 2023, ch. 446, § 2 (2023–2024 Reg. Sess.) [Assem. Bill No. 600, filed with the Sec'y of State on Oct. 8, 2023]; Cal. Const., art. IV, § 8, subd. (c)(2) [providing the effective date for this amendment].) As amended, section 1172.1, subdivision (a)(1) now authorizes a trial court to recall a sentence on its own motion "within 120 days of the date of commitment *or at any time* if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . ." (See Stats. 2023, ch. 446, § 2, italics added.)

In his supplemental brief, Tweedy does not (1) contest the trial court's finding it lacked jurisdiction to act on his motion, (2) argue cogently that the legislative amendment to section 1172.1 effective January 1, 2024 applies retroactively to his motion, or (3) claim that "the applicable sentencing laws at the time of original sentencing [were] subsequently changed by new statutory authority or case law" for the purposes of newly amended section 1172.1, subdivision (a)(1). Further, although Tweedy briefly mentioned Assembly Bill No. 600 in his motion, he did not offer any analysis showing the legislation applies retroactively to his motion or identify clearly which sentencing

6

laws applicable to his case had changed since sentence was imposed in May 1998.  Accordingly, Tweedy does not overcome the presumption that the trial court correctly determined it lacked jurisdiction to act on his motion.  (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error."].)

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).'[8]  [Citations.]"  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085.)  Tweedy does not argue that any other statute confers jurisdiction to hear his appeal.  We thus dismiss the appeal for lack of jurisdiction.  (See *People v. Sorden* (2021) 65 Cal.App.5th 582, 588 [noting that an appellant bears the "burden of establishing *reversible* error," italics added]; *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 721–722 [indicating that an appellant's "burden of demonstrating reversible error" includes the obligation to show the appellate court has jurisdiction]; *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 ["[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.  [Citations.]'  [Citation.]  [¶]  The fundamental rule governing the appealability of orders is that ' "a

---

8  "An appeal may be taken by the defendant from . . . [¶] . . . any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

7

judgment or order is not appealable unless expressly made so by statute." ' "].)

> 3. *Our opinion does not foreclose the trial court from later deciding whether to recall Tweedy's sentence on its own motion*

Subdivision (a)(1) of section 1172.1 now allows the trial court to recall a sentence and resentence a defendant on its own motion if "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . ." (See § 1172.1, subd. (a)(1).) As to whether Tweedy may renew his request for resentencing under section 1172.1, newly added subdivision (c) provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (Stats. 2023, ch. 446, § 2.) Although the trial court is not required to rule on a motion by a defendant for resentencing under section 1172.1, Tweedy may present to the court any arguments he may have that the court has jurisdiction to, and should, recall his sentence and resentence him under the currently operative version of the statute. (See § 1172.1, subds. (a)–(d) [nothing in the statutory text prohibits a defendant from undertaking such action].)

8

## DISPOSITION

We deny defendant Ferone Lawrence Tweedy's request to substitute his appointed appellate counsel.  We dismiss for lack of jurisdiction Tweedy's appeal of the trial court's January 3, 2024 order denying his motion.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.

9